*New-London,*
July, 1845.

O'Brien
*v.*
Norwich and
Worcester
Rail-road
Company.

O'Brien *against* The Norwich and Worcester Rail-Road Company.

A bill in equity for an injunction against a public nuisance, will not be sustained, unless it shows a particular injury to the plaintiff, distinct from that which he suffers in common with the rest of the public.

Where a bill in equity was brought by an individual, against a rail-road company, alleging, that the defendants were engaged in extending their road across a certain cove, which is an arm of the sea, in which the tide ebbs and flows, communicating with the ocean through a navigable river; that the waters of the cove are navigable, and from time immemorial have been used and enjoyed as such; and that the plaintiff, and all other persons, have been accustomed to pass and repass, at their pleasure, up and down the cove, into the river, to the ocean or elsewhere, in boats, schooners or other vessels, without molestation or obstruction; and that by means of the road so extended, the navigation of the cove will be greatly obstructed and rendered almost wholly useless; it was held, that the case stated by the bill was that of a public nuisance.

Where the plaintiff in such bill stated also, that he resided near the head of the cove; that the right to navigate the cove, was a common right, the enjoyment of which was valuable to him, in respect to trade and commerce, the building and launching of vessels, and for agricultural purposes and fisheries; and that he was in danger of being deprived of his lawful right to navigate the cove; it was held, that the injury complained of was not one peculiar to the plaintiff, but common to him and all others having occasion to use the cove for such purposes.

This was a bill in chancery for an injunction. The plaintiff alleged, that he was an inhabitant of the town of *Preston*, residing in the village of *Poquetannuck*, in that town, near the head of *Poquetannuck* cove, an arm of the sea, in which the tide ebbs and flows, being in length about two miles, and communicating with the main ocean, through the river *Thames*, a navigable river; that the waters of this cove are navigable, and from time immemorial have been used and enjoyed as navigable waters; that the plaintiff and all other persons have been accustomed, at their pleasure, to pass and repass up and down said cove, into the river *Thames*, to the main ocean or elsewhere, in boats, scows, sloops, schooners, or other vessels, without molestation or obstruction; that this right is a common right, the enjoyment of which is valuable to the plaintiff, both in respect to trade and commerce, and the building and launching of vessels, and also for agricultural purposes and for fisheries; that no person or corporation has a right to obstruct the navigation of said cove, or to obstruct

the plaintiff and others, at any time, in the full and free navigation thereof; that the defendants, a corporation duly created by the legislature of this state, are now engaged in extending their rail-road from the city of *Norwich* to a certain point in the town of *Ledyard;* that in thus extending their road, the defendants pass across said cove, near the mouth thereof, and where it opens into the river *Thames;* that the navigation of said cove will be thereby greatly obstructed, and rendered almost wholly useless; and that the plaintiff is in danger of being deprived of his lawful right to navigate the same, unless relieved by the interference of a court of equity. The plaintiff, therefore, prayed the court to restrain the defendants from prosecuting their work, so as to obstruct the free navigation of the waters of said cove.

*New-London,*
*July, 1845.*

O'Brien
*v.*
Norwich and
Worcester
Rail-road
Company.

A committee appointed by the court found the facts substantially as alleged in the bill; the principal difference consisting in the greater minuteness of the finding.

The case was reserved for the advice of this court as to what decree should be passed upon the bill and finding.

*T. C. Perkins* and *Foster,* for the plaintiff, contended, 1. That the plaintiff, having the right of passing up and down this cove, under the circumstances and for the purposes stated in the bill and finding, and having been in the uninterrupted enjoyment of this right for more than twenty years, cannot now be deprived of it, without compensation. It is a right of great pecuniary value. It is property, as inviolable in its character as any other species of property. This position does not contravene the rule, no doubt well established, that the waters of the cove, being navigable waters, belong *prima facie* to the state—the sovereign power. In *England,* however, the doctrine is, that this right vests in the king, as trustee for the benefit of his subjects, and cannot be exercised by him or his grantees, to their exclusion. *Com. Dig. tit.* Navigation. A. *Blundell* v. *Catterall,* 5 *Barn. & Ald.* 268. (7 *E. C. L.* 91.)

2. That the defendants can have no right to obstruct the navigation of this cove, unless by the direct, express authority of the legislature. But no such authority has been conferred. It is neither in the original charter of the defendants, nor in any subsequent act or resolve.

*New-London,*
July, 1845.

O'Brien
*v.*
Norwich and
Worcester
Rail-road
Company.

3. That though this is a public nuisance, which subjects those who created it and maintain it to indictment or information, this form of proceeding by injunction, is still sustainable. The case of *Lansing* v. *Smith,* 8 *Cowen,* 146. and other cases, in which it has been held, that a private action at law would not lie for a public nuisance, proceed manifestly on the ground of preventing a multiplicity of suits, which might ruin the offending party, when a public prosecution would settle the right at once. The present mode of proceeding has precisely the same advantage ; for by a perpetual injunction, the remedy is made complete through all future time. 2 *Sto. Eq.* 203. Another reason for the interposition of a court of equity, in a case like this, is, that its remedial justice is prompt and immediate, before irreparable mischief is done. There have been many cases, in which a court of equity has interfered, upon the application of private parties directly affected, to prevent nuisances to public rivers and to public harbours. 2 *Sto. Eq.* 203, 4. and note 2. *Rex* v. *Dewsnap,* 16 *East,* 194. 196. *Crowder* v. *Tinkler,* 19 *Ves.* 617. 623. *Attorney-General* v. *Johnson,* 2 *Wils. Ch. R.* 87. 102, 3. *Attorney-General* v. *Forbes,* 2 *Mylne & Craig,* 123. *Corning* & al. v. *Lowerre,* 6 *Johns. Ch. R.* 439. *Spencer* v. *London and Birmingham Railway Company,* 8 *Sim.* 392. *Sampson* v. *Smith, Id.* 272. *Coats* v. *Clarence Railway Company,* 1 *Russ. & Mylne,* 181.

*Strong* and *Rockwell,* contra, contended, 1. That a court of equity will not interpose, except in extreme cases, on the application of an individual, in relation to a public nuisance ; the proper remedy being by *quo warranto* or other action at law. *Attorney-General* v. *Utica Insurance Company,* 2 *Johns. Ch. R.* 378. 381. & seq. *Attorney-General* v. *Cleaver,* 18 *Ves.* 211. 217, 18. 2 *Sto. Eq. s.* 924. *Crowder* v. *Tinkler,* 19 *Ves.* 617. 622. Even in cases of information on behalf of the government, the remedy by injunction is rarely afforded.

2. That the legislature has the constitutional right to authorize the building of a bridge over navigable water. *Bigelow* v. *Hartford Bridge Company,* 14 *Conn. R.* 565. *Commonwealth* v. *Breed,* 4 *Pick.* 460, 1, 2, 3. *Charlestown* v. *County Commissioners of Middlesex,* 3 *Metc.* 202, 203. 205. *Commonwealth* v. *Charlestown,* 1 *Pick.* 184. & seq. *Charles*

*New-London,*
*July,* 1845.

O'Brien
*v.*
Norwich and
Worcester
Rail-road
Company.

| 17 | 475 |
| 71 | 693 |

*River Bridge* v. *Warren Bridge,* 7 *Pick.* 344. 445. and authorities there cited, by *Morton,* J. *Canal Appraisers* v. *The People* ex rel. *Tibbits,* 17 *Wend.* 571. *The King* v. *Montague* & al. 4 *B. & Cres.* 598. (10 *E. C. L.* 413.)

3. That the original charter of the defendants and the subsequent acts of the legislature have granted and confirmed the right to construct a bridge on the cove. *Priv. Stat.* 992. *Resol.* 1840. 1844.

WAITE, J. This bill is brought by a private individual, praying for an injunction against the extension of the defendants' rail-road across the *Poquetannuck* cove, an arm of the sea.

In a very recent case, we had occasion to examine the principles which govern courts of equity in cases of this kind; and after a careful examination of the authorities, we held, that a bill in equity will not be entertained for an injunction against a public nuisance, unless it shows that the plaintiff will sustain a special or peculiar damage from it, an injury distinct from that done to the public at large. *Bigelow* v. *The Hartford Bridge Company,* 14 *Conn. R.* 565.

Having so decided, it becomes unnecessary again to review the authorities, upon which that decision was based, and the other cases that might be cited. And were it now an open question, we have heard nothing since the former decision, which would induce us to hold a different opinion. The rule, therefore, must be considered as settled. It only remains then to inquire, whether the injury of which the plaintiff complains, is a public nuisance; and if it is, whether he has shown any special damage, by which his case can be relieved from the operation of that rule.

1. As to the character of the injury, which the defendants were about to commit. It is averred in the bill, that the cove is an arm of the sea, in which the tide ebbs and flows, communicating with the ocean, through the river *Thames,* a navigable river; that the waters of the cove are navigable, and from time immemorial have been used and enjoyed as navigable waters; and that the plaintiff and all other persons, at their pleasure, have been used and accustomed to pass and repass up and down the cove, into the river *Thames,* to the main ocean or elsewhere, in boats, scows, schooners or other

*New-London,*
*July, 1845.*

*O'Brien*
*v.*
*Norwich and*
*Worcester*
*Rail-road*
*Company.*

vessels, without molestation or obstruction. The bill then proceeds to state, that the defendants are engaged in extending their road across the cove, near the mouth of the same, and where it opens into the river *Thames ;* and that, by means of the road so extended, the navigation of the cove will be greatly obstructed, and rendered almost wholly useless.

According to the allegations, the road becomes a public nuisance, obstructing the free navigation of the waters of an arm of the sea, affecting all who may have occasion to pass and repass upon these waters.

2. If this road, when built, will become a public nuisance upon the cove, the next inquiry is, what special damage will the plaintiff sustain—what injury distinct from that done to the public at large ? He says, that the right to pass up and down that cove, is a *common right*, the enjoyment of which is valuable to the plaintiff, both in respect to trade and commerce, the building and launching of vessels, and for agricultural purposes and fisheries ; and that he is in danger of being deprived of his lawful right to navigate the same, unless relieved by the court as a court of equity. The same injury might result to every other citizen, who might have occasion to pass up and down that cove for similar purposes. He does indeed state, that his residence is in the village, at the head of that cove ; but he complains of no injury that will be done to his house, his wharf, or his land, by means of the defendants' road. He will be merely deprived of the enjoyment of a right to navigate public waters, common to him and all others, as he otherwise might. For such an injury it is for the government to interfere, and not a private individual. The court could then look at the rights of the whole community, and not, as in the present case, to those of a single individual.

Upon the allegations contained in the plaintiff's bill, we are of opinion, that he is not entitled to relief; and we therefore advise the superior court to dismiss the bill.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Bill dismissed.