20 117
65 424
20 117
66 226

## FRINK and others *against* LAWRENCE.

Though a bill in equity for an injunction ⸰against a public nuisance in navigable waters, will not generally be sustained, in favour of a private individual; yet where the party complaining will sustain an injury distinct from that done to the public at large, and especially if it be irreparable, and a court of law cannot afford adequate remedy,—this relief will be granted.

*A* and *B* were owners of contiguous lots of land, bounded, on the *Easterly* side, by a harbour; *A's* lot lying *South* of *B's*. *A* owned a wharf extending from his land into the harbour, at the further end of which was a short

New-London,
July, 1849.

Frink
v.
Lawrence.

wharf at right angles with the principal one, the whole being in the form of a ⊢. This wharf, on the *North* side of it, where vessels principally lay, was a safe and convenient one, and much resorted to. *B* was about driving a connected row of piles from the *South-East* corner of his land to the *North-East* end of *A's* wharf, in such a manner as to entirely obstruct the passage of vessels from the waters of the harbour to the *North* side of *A's* wharf; which would greatly impair the value of his property. This obstruction was not contemplated by *B*, as part of a wharf which he intended to construct adjoining his land. On a bill in equity, brought by *A* against *B*, to restrain him from making such obstruction, it was held, that *A* was entitled to the relief sought.

The right of an individual to build a wharf in front of his land in navigable waters, is subject to the qualification, that such wharf does not improperly impede the public navigation; the object of the law conferring this right being to benefit commerce.

THIS was a bill in chancery, praying for an injunction against obstructing the navigation of vessels to the plaintiff's wharf, in the waters of *New-London* harbour. The cause was referred to a committee, who made their report to the superior court, holden, by adjournment, at *New-London*, in *July*, 1849.

The material facts, embraced in the report, are the following. The plaintiffs are the owners of a lot of land, lying in the city of *New-London*, bounded on the *Easterly* side, by the waters of the harbour, with a wharf extending *Easterly* from their land, a considerable distance, into the harbour. At the outer or *Easterly* end of the wharf, are projections on each side, giving it the form of a ⊢. This wharf has been built for a period of more than sixty years, and during all that time, has been exclusively owned and possessed by the plaintiffs, and those from whom they derived their title.

The defendant is the owner of another lot of land, lying on the *North* side of the plaintiffs' land, with a wharf conected therewith, extending also, a considerable distance, into the waters of the harbour. Between these two wharves, is a large and convenient basin, and the space between the *Eastern* extremities of the two wharves, has always been used in common by those having occasion to pass with boats and vessels to the wharves; and the right of passing through this space, to and from the *North* side of the plaintiffs' wharf, has always been enjoyed, by them and those under whom they claim.

That portion of the basin, which is adjacent to the plain-

tiffs' wharf, is a very safe and convenient one ;—and is more <span>New-London, July, 1849.</span> frequented by vessels belonging to others than any other in the harbour, on account of its greater convenience and <span>Frink v. Lawrence.</span> safety ; and the business at the wharf is principally done on the *North* side.

At the time of commencing this suit, the defendant was about to drive a row of piles from the *South-East* corner of his land, to the *North-East* end of the plaintiffs' wharf, and connect them with ties or caps, in such a manner as entirely to obstruct the passage of all boats and vessels from the waters of the harbour to the *North* side of the wharf. This obstruction, the committee found, would seriously impair the value of the plaintiffs' property, and would serve no other purpose, than to separate the plaintiffs' dock from the rest of the harbour, except to form a part of a wharf, should the defendant conclude to construct one, which they did not find was his intention to do. The report embraces divers other facts, for the purpose of enabling the court to determine, whether the piles, if driven as contemplated by the defendant, would be above or below the dividing line of the right of wharfage belonging to the two parties. But as the court did not express any opinion upon that question, that part of the report is here omitted.

The question as to what decree should be passed, was reserved for the advice of this court.

*McCurdy* and *H. Willey*, for the plaintiffs, among other points not embraced by the decision of the court, and therefore omitted here, contended, 1. That the defendant had no right to obstruct the passage into the plaintiffs' dock, in the manner he was about to do. The obstruction proposed by the defendant, is a single row of piles across to the *North* edge of the plaintiffs' wharf, not for the purpose of enjoying a wharf privilege, or extending a wharf, but merely to *fence off* the water, and prevent access to the plaintiffs' wharf. By this no benefit could accrue to the defendant, but great inconvenience would result to the public, and great damage to the wharf property of the plaintiffs. If the defendant had a right to *wharf out* on this line, he would not have a right to drive such a row of piles. On common law princi-

*New-London,*
July, 1849.

Frink
*v.*
Lawrence.

ples, the enjoyment of one's property must be exercised in a reasonable manner. *Broome's L. Max.* 165.

2. That the defendant had no right to build out a wharf, in the line and to the extent indicated by the piles. The right to wharf out in front of one's land, is on condition that it does not injure navigation, but aids it. *East-Haven* v. *Hemingway,* 7 *Conn. R.* 186. *Chapman* v. *Kimball,* 9 *Conn. R.* 38. *Ang. on Tide Waters,* 150. 1 *Sw. Dig.* 150. But here it appears, that if the projected row of piles were a wharf, it would be injurious to navigation, by destroying the usefulness of the dock as a harbour. It would materially interfere with the rights of the public, constituting, in fact, a *nuisance.*

3. That as the plaintiffs would suffer an injury, different from, and more severe than the public at large, they have remedy by injunction. *O'Brien* v. *Norwich and Worcester R. R. Co.,* 17 *Conn. R.* 372.

*Foster* and *Lippitt,* for the defendants, contended, 1. That wharves may be erected, in navigable waters, by riparian proprietors, at pleasure, if they do not interfere with the channel. 1 *Sw. Syst.* 341. 1 *Sw. Dig.* 109. *Ang. on Tide Waters,* 157. 150. 127. 162, 3. 7 *Conn. R.* 186. 202. 9 *Conn. R.* 38. 40. 41.

2. That this suit is not adapted to the injury complained of ; the remedy being by indictment or information.

WAITE, J. We have had occasion, in several recent cases, to consider the question, whether a private individual can sustain a bill in equity, for an injunction against a public nuisance in navigable waters. *Bigelow* v. *Hartford Bridge Company,* 14 *Conn. R.* 565. *O'Brien* v. *Norwich and Worcester Rail-Road Company,* 17 *Conn. R.* 372. *Seeley* v. *Bishop,* 19 *Conn. R.* 135. And we held, that such relief will not be granted, unless it appears, that the party complaining will sustain a special or peculiar damage—an injury distinct from that done to the public at large. But on the other hand, it was conceded, that if such damage would accrue, the relief might be granted. Indeed, such now seems to be the well recognised rule in equity, especially where the object is to prevent some irreparable injury, for

which, under the circumstances of the case, the law cannot afford adequate remedy. City of *Georgetown* v. *Alexandria Canal Company*, 12 *Peters*, 98. *Corning* v. *Lowere*, 6 *Johns. Ch. R.* 439. *Crowder* v. *Tinkler*, 19 *Ves.* 616. 2 *Sto. Eq.* 203, 4. *Eden on Injunc.* 162.

*New-London,*
*July, 1849.*

Frink
*v.*
Lawrence.

In the present case, the committee have found, that the plaintiffs are the owners of a valuable wharf in the harbour of *New-London ;* that the dock, on the *North* side of it, is a very safe and convenient one, much frequented by vessels ; and that the business done at the wharf, is principally with vessels lying upon the *North* side of it. The defendant, at the time of commencing the suit, was about creating an obstruction, which would exclude the access of all vessels to that dock, and to that side of the wharf.

If he be permitted to do this, a serious and irreparable injury will be done to the property of the plaintiffs. A convenient dock will be destroyed, and the value of the wharf greatly impaired. The obstruction complained of, would manifestly be a public nuisance, and the injury clearly entitles the plaintiffs to the relief they seek.

It has, however, been claimed, that the defendant, as owner of land adjoining navigable waters, has the exclusive right of wharfage in front of his land ; and that the piles which he intended to drive, would be within the limits of that right. *East-Haven* v. *Hemingway*, 7 *Conn. R.* 203. But the committee have not found, that the acts complained of, would be done in the exercise of that right. Hence, it becomes unnecessary to enquire, whether the facts reported by them show that the defendant has the right of wharfing in the line in which the piles were about to be driven ; a claim denied on the part of the plaintiffs. For we are entirely satisfied, that the contemplated obstruction, whether placed in front of the defendant's land or not, would be a public nuisance, and may be treated as such.

The law conferring upon individuals the right of building wharves in front of their lands, in navigable waters, does not confer an unlimited privilege, but annexes this qualification, that such wharves do not improperly impede the public navigation. When this is done, they become public nuisances. 7 *Conn. R.* 202.

The object of the law is, to benefit commerce and facilitate

*New-London,*
*July, 1849.*
_____

Frink
*v.*
Lawrence.

the loading and unloading of ships, and not for the purpose of destroying neighbouring docks and wharves. *The King* v. *Russell* & al., 4 *B. & Cress.* 566. (13 *E. C. L.* 254.) *The King* v. *Ward,* 4 *Adol. & Ell.* 384. (31 *E. C. L.* 92.) *The King* v. *Tindall* & al., 6 *Adol. & Ell.* 143. (33 *E. C. L.* 26.) *Regina* v. *Randall,* 1 *Car. & Marsh.* 496. (41 *E. C. L.* 272.)

As the defendant, upon the report of the committee, has failed to justify the acts he was about to perform, we advise the superior court to grant the prayer of the plaintiffs' bill, and decree a perpetual injunction.

In this opinion the other Judges concurred.

Decree for plaintiffs.