## EBENEZER SMITH *vs.* THE CITY OF BOSTON.

The discontinuance of part of a street in a city, by order of the mayor and aldermen, whereby the value of lands abutting on other parts of the street, and on neighboring streets, is lessened, is not a ground of action against the city by the owner of such lands, if still accessible by other public streets.

THIS was a petition for the assessment of damages alleged to have been done to the plaintiff in his property, by the discontinuance of a portion of Market Street in the city of Boston, by order of the mayor and aldermen. The trial was before *Bigelow*, J., in the court of common pleas.

The discontinuance complained of was of that part of Market Street covered by the tracks of the Boston and Maine Extension Railroad, the proprietors of which had been permitted by their charter to extend their road through part of the city. The petitioner owned several lots on and near Market Street, and offered to prove that the value of each had been lessened, and the rent of one or more of them diminished; but it appeared that no one of the parcels bounded on that part of the street which had been discontinued, and that all were accessible by other public streets. The presiding judge ruled, that the petitioner was not by law entitled to prove and recover any damages, because neither of his estates abutted on that part of Market Street, which was discontinued; and, by his direction, a verdict was entered for the

respondents; whereupon the petitioner excepted to this ruling.

*B. R. Curtis*, for the petitioner, cited Rev. Sts. *c.* 24, §§ 11, 31; *Ashby* v. *Eastern Railroad*, 5 Met. 368; *Boston & Roxbury Mill Corporation* v. *Gardner*, 2 Pick. 33; *Palmer Co.* v. *Ferrill*, 17 Pick. 58, 64; *Stetson* v. *Faxon*, 19 Pick. 147.

*P. W. Chandler*, city solicitor, for the defendants, cited *Commonwealth* v. *Norfolk*, 5 Mass. 435; *Callender* v. *Marsh*, 1 Pick. 418, 432; *Patterson* v. *Boston*, 20 Pick. 159, 166; *Tisdale* v. *Norton*, 8 Met. 388; *Meacham* v. *Fitchburg Railroad*, 4 Cush. 291; Sedgw. on Damages, (1st. ed.) 63, 64; 2 Greenl. Ev. § 256; *Loker* v. *Damon*, 17 Pick. 284.

SHAW, C. J.   The court are of opinion, that the direction given by the judge at the trial was correct, and that the inconvenience sustained by the petitioner, if any, was not such an injury done him in his property, as to entitle him to damages within the true intent of the law.   There is obviously a difficulty in laying down a general rule applicable to all cases. One limit however must be observed, which is, that the damage for which a recompense is sought, must be the direct and immediate consequence of the act complained of, and that remote and contingent damages are not recoverable.   The inconvenience of the petitioner is experienced by him in common with all the rest of the members of the community.   He may feel it more, in consequence of the proximity of his lots and buildings; still it is a damage of like kind, and not in its nature peculiar or specific.   The creation of a public nuisance, by placing an obstruction in a highway, can only be punished and suppressed by a public prosecution; and though a man, who lives near it, and has occasion to pass it daily, suffers a damage altogether greater than one who lives at a distance he can have no private action, because in its nature it is common and public.   But if he suffers a peculiar and special damage, not common to the public — as by driving upon such an obstruction in the night, and injuring his horse — he may have his private action against the party who placed it there.   The damage complained of in this case, though it may be greater in degree, 'n consequence of the proximity of the pe-

titioner's estates, does not differ in kind from that of any other members of the community who would have had occasion more or less frequently to pass over the discontinued highway. The petitioner has free access to all his lots, by public streets. The burden of his complaint, therefore, is, that in going to some of his houses, in some directions, he may be obliged to go somewhat further than he otherwise would. So must the inhabitant of the south end of the city, or the citizens of other towns, with their teams or carriages, who would have had a right to use the discontinued way. Upon the question of public convenience, it is the province of the mayor and aldermen, upon a balance of all considerations bearing upon it, to decide. It is not to be presumed that they will discontinue a highway once laid out, unless the considerations in favor of the discontinuance decidedly preponderate.

In this case, the rule adopted by the judge seems to have been well adapted to the circumstances of the case, and well guarded; it was limited to damage done to some estate bounding on the highway discontinued. It has been held, that in assessing damage for land taken for a railroad, it is not competent to give in evidence, by way of set-off, the benefit done to other lands of the claimant, not connected with the land taken, by the establishment of the railroad. *Meacham v. Fitchburg Railroad*, 4 Cush. 291. It seems to us that this case falls under the same principle. For if the petitioner could give in evidence injury to estates not bounding on the street discontinued, it would be competent for the respondents to show, that the street was discontinued in consequence of the railroad, and the better to secure the safety and convenience of the travel incident to it; and then show, by way of set-off, any benefit done to any of the petitioner's real estate situated anywhere near the railroad. This would be inadmissible, upon the rule stated, which is founded on the consideration, that the general benefit, which a town or a village derives from a railroad, is common and general to all, which one, a portion of whose land is taken for it, is no more bound to pay for, than any other person deriving a benefit in common, from public improvements. *Palmer Co. v. Ferrill*, 17 Pick. 58.

We do not mean to be understood as laying down a universal rule, that in no case can a man have damages for the discontinuance of a highway, unless his land bounds upon it; although as applicable to city streets, intersecting each other at short distances, it is an equitable rule. A man may have a farm, store, mill or wharf, not bounding on a street, but communicating with it by a private way, so situated that he has no access to his property but by the public way. If this is discontinued, he must lose the benefit of his estate, or open a way at his own expense, which might be a direct and tangible damage, consequent upon the discontinuance of the public way, and we are not prepared to say that he would not have a claim for damages under the statute.

*Exceptions overruled.*