FULTON LIGHT, HEAT & POWER CO. v. OSWEGO RIVER POWER TRANSMISSION CO.

(Supreme Court, Equity Term, Oswego County.   March 18, 1911.)

NUISANCE (§ 72*)—PUBLIC NUISANCE—INJUNCTION.

> An injunction restraining an electric power company from maintaining its poles and wires in a city and transmitting power, on the ground that it is maintaining a public nuisance, will not issue at the suit of another company having a franchise to operate in the city, where it does not appear that defendant's poles or wires interfere with plaintiff's, or that any person or property is injured thereby, except that plaintiff might possibly suffer a loss of business through competition.
>
> [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 164–169; Dec. Dig. § 72.*]

Action for injunction by the Fulton Light, Heat & Power Company against the Oswego River Power Transmission Company. Judgment for defendant, dismissing the complaint.

Claude E. Guile (Charles L. Stone, of counsel), for plaintiff.
Eugene M. White, for defendant.

CLARK, J. The motion made by defendant at the opening of the trial, and renewed when the evidence was closed, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, decision upon which motion was reserved, is denied, with an exception to defendant.

The plaintiff and defendant are domestic corporations; the plaintiff being engaged in the manufacture, distribution, and selling of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

electricity for light, heat, and power purposes in the city of Fulton. It will be assumed that plaintiff is operating under a sufficient franchise granted by the authorities of the city of Fulton, although the evidence as to its owning such a franchise is exceedingly meager and unsatisfactory. The defendant has a line by which it transmits Niagara power, so called, up to the north line of the city of Fulton, and prior to the commencement of this action it extended its line, by erecting poles and stringing wires thereon from its transmission line, which terminated at the north line of the city, to the plant of the Victoria Paper Mills Company, located within the city of Fulton, and in erecting this extension it occupies the berme bank of the Oswego Canal with its poles, by permission of the State Superintendent of Public Works; said extension of defendant's transmission line being so located that the wires are strung across North First street and Shaw street in said city.

It is the contention of plaintiff that the crossing of said streets by defendant with its said transmission line is unlawful and constitutes a public nuisance, and is an invasion of plaintiff's rights under its franchise in said city, because of the fact that over said transmission line defendant is furnishing power to the Victoria Paper Mills Company within the city, and that if defendant is allowed to maintain said transmission line in the city plaintiff will be damaged in the value of its franchise rights, and will suffer irreparable loss and damage in the loss of business and in the depreciation of its property, and asks for an injunction permanently restraining defendant from transmitting power over said extension of its transmission line, and restraining it from setting poles and stringing wires, or in any other manner exercising any rights or privileges over said extension of its transmission line lying within the city of Fulton. There is no pretense that defendant is operating under any franchise from the city of Fulton, but it asserts that this transmission line within the city is located wholly on state property, and it is established that permission to thus occupy said property for said transmission line was granted by the Superintendent of Public Works.

The serious question in this case is whether or not the plaintiff is in a position to maintain this action, and restrain an alleged public nuisance because some of defendant's poles are in the boundaries of public streets, and its wires cross said streets. Although these streets have been public highways for many years, it does not appear that they have been in any way obstructed by defendant's poles, for they are entirely outside of the traveled portions of the highway, and they are located on the berme bank of the Oswego Canal, and within the blue line, so called, and upon state property. The wires are over 35 feet above the ground, and neither the poles nor wires of defendant interfere with any poles or wires owned by plaintiff. It was not attempted to be shown that the erection of this line in the city by defendant had damaged any person or property, unless it was that of plaintiff.

The evidence does not warrant a finding that the plaintiff will be inestimably damaged in the value of its franchise rights by defend-

ant constructing this transmission line. It does not appear how or to what extent plaintiff will be damaged, and about the only conclusion to be arrived at is that plaintiff fears competition of defendant, and seeks to place itself in a position to undertake to restrain a public nuisance; and I do not think plaintiff has succeeded in that effort, for the reason that it is not shown that plaintiff has suffered or will suffer such separate and particular injury distinct from that received by the public generally as would entitle an individual or corporation to abate a public nuisance.

In the first place, defendant's poles are on state property by permission of the state authorities, and while undoubtedly, if they encroached on the highway, so as to interfere with the rights of the traveling public, the city of Fulton, exercising its police powers, could require defendant to remove such encroachments on a public highway, even when it passed over state property, still I cannot see where this alleged nuisance (if it is a nuisance) is shown to injure the plaintiff in any way.

If there is any damage to the plaintiff at all, it resulted, not from the so-called nuisance, which consists of having poles erected by the side of the highway, and outside of the generally traveled path, and at such a distance therefrom that neither they nor the wires, strung 35 feet above the highway, interfere in the slightest degree with the rights of the traveling public, but the damage which plaintiff fears, will be occasioned because defendant will be in position to do a competing business. It is not a damage that results directly from the alleged nuisance, and plaintiff could not maintain this action, unless it can show, which it has not done here, that the nuisance complained of directly caused the injury. Louisville Home Tel. Co. v. Cumberland Tel. Co., 111 Fed. 663, 49 C. C. A. 524.

I do not think the plaintiff can maintain this action, for the reason that it has failed to show that the erection of this transmission line by defendant, as it now exists and under the permission of the State Superintendent of Public Works, will occasion any separate or peculiar injury to the plaintiff. Under the facts as disclosed by the evidence in this case, a possible loss of business by plaintiff would not show that it has sustained such particular injury as would entitle it to invoke the powers of a court of equity to abate a public nuisance. City of Yonkers v. Federal Sugar Ref. Co., 136 App. Div. 701, 121 N. Y. Supp. 494; Old Forge Company v. Webb, 31 Misc. Rep. 316, 65 N. Y. Supp. 503; Adler v. Met. E. R. Co., 138 N. Y. 179–180, 33 N. E. 935 (opinion); Ft. Plain Bridge Company v. Smith, 30 N. Y. 44.

In my opinion, before plaintiff can maintain this action, it must establish that the public nuisance complained of was the proximate cause of the damages it fears, and perhaps claims to have sustained. The proof in this case fails to establish that proposition; for, even if the erection of these poles and stringing wires at the points in question does constitute a public nuisance, as claimed by the plaintiff, it is not shown that it will suffer thereby any separate or peculiar damage, other than that which would be sustained by the public

generally, and that is necessary to be established to entitle plaintiff to the injunctive relief which it invokes in this action.

If I am correct in these conclusions, it follows that the complaint must be dismissed, with costs. Findings may be submitted, and judgment entered accordingly.