# Richmond.

## IRA F. PAYNE, ET AL. V. FITCHETT GODWIN, ET ALS.

### June 10, 1926.

1. STREETS AND HIGHWAYS—*Dedication—Laying Off Town and Selling Lots with Reference to Recorded Plat.*—A land company, when it laid off its land into lots, streets and alleys, sold lots with reference thereto, recorded the map or plat, thereby conclusively and perpetually dedicated said streets and alley to the public.

2. STREETS AND HIGHWAYS—*Dedication—Laying Off Town and Selling Lots with Reference to Recorded Plat.*—When lands are laid off into lots, streets and alleys and a map or plat thereof is made and recorded, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys *necessary* to the enjoyment and value of said lots.

3. DEDICATION—*Deeds—Conveyance to Public at Common Law.*—At common law a definite and certain grantee is necessary to take lands by grant or conveyance, and hence a grant or conveyance to the general public could not take effect. The law meets this difficulty by the doctrine of dedication, which recognizes the right of the public thus acquired by estopping the dedicator from disputing them. The principle is founded in public convenience.

4. STREETS AND HIGHWAYS—*Dedication—Easement—Fee.*—At common law where streets, alleys, and highways are dedicated to the public without reservation, the effect thereof is to vest in the State for the entire public an easement in the land dedicated for purposes of passage and other rights to which such streets and alleys may be used as public thoroughfares. If the dedicator does not reserve or dispose of the fee in the street, it vests in the purchasers of the abutting lots to the center of the street or alley subject to the public rights, with a vested right to ingress and egress, and light and air from the street and alley abutting their respective lots.

5. STREETS AND HIGHWAYS—*Dedication—Alley—Number of Persons Using Way—Width of Way.*—Where the term "alley" is used in a plat or statute concerning cities or towns, it will be taken to mean a public way, unless the word "private" is prefixed or the context requires that a different meaning be assigned to the term, and it has been held that, in laying out an addition when alleys are called for, it may be

presumed that alleys run from one street to another. Whatever may be the dimensions of a way, if it be opened to the free use of the public it is a highway; nor is its·character determined by the number of persons who actually use it for passage. The right of the public to use the way, and not the size of the way or the number of persons who choose to exercise that right, determines its character.· An alley of small dimensions, actually used by only a limited number of persons, but which the public have a general right to use, therefore, may be regarded as a public way.

6. STREETS AND HIGHWAYS—*Dedication—Acceptance.*—A way cannot be deemed a public one so as to charge the local authorities with the duty of maintaining it, unless it has been legally established or accepted; but if it is so established or accepted it is to be considered one of the public ways, whatever may be its size or situation, provided it is suitable for any kind of travel by the public.

7. STREETS AND HIGHWAYS—*Dedication—Acceptance—Revocation.*—While dedication by map is held to be irrevocable by the dedicator or those claiming under him, still it is an inchoate right vested in the public, and the street or alley does not become a highway until established or accepted by competent authority. It is true that the legislature has plenary power to compel the municipality to accept a dedication of a public way, but it is a power carefully to be guarded, and the charters of municipalities will not be construed as imposing this duty unless required in the clearest terms.

8. STREETS AND HIGHWAYS—*Dedication—Abandonment—Change—Case at Bar.*—In the instant case a town had the inchoate right to accept the easement over the alley in question for the benefit of the public generally and constitute it a public way, and the plaintiff as an abutter owned the fee in the alley abutting his lots subject to the public easement, with the private right to ingress and egress into his lots therefrom, and the further right as one of the public to use the public easement over the alley. The town by ordinance closed the alley, which for thirty-eight years had not been used by anyone as a public way, and complainant since his purchase of lots abutting upon it had treated the alley as abandoned and as not essential to the employment of his lots.

*Held:* That complainant was not entitled to an injunction against the closing of the alley, especially as the ordinance established another alley to which complainant's lots had access.

9. STREETS AND HIGHWAYS—*Dedication—Revocation—Abandonment.*—Until the dedication has been accepted for the public, the dedicator of a public way or those claiming under him may revoke or abandon the dedication by consent of the State or municipality, and such abandonment may be established in *pais* by long non-user and enjoyment of same, without claim on the part of the municipality.

10. STREETS AND HIGHWAYS—*Dedication—Abandonment—Consent of Authorities.*—If an alley has been accepted by the State or municipality thus becoming a highway, it could be abandoned by the municipality, if such abandonment did not violate any vested right, and parties having vested rights therein could consent to its abandonment.

11. DEDICATION—*Enforcement of Acceptance by Municipality.*—Courts cannot compel a municipality to accept the dedication of an alley and assume the burden of maintaining the same for the benefit of an abutting owner.

12. STREETS AND HIGHWAYS—*Obstruction—Public or Private Nuisance—Injunction by Individual.*—The obstruction of a public highway is a public nuisance and the trend of authority is that an individual cannot maintain a bill to enjoin such nuisance unless he can show that he has suffered or will suffer therefrom, special and peculiar damages or injury to himself, as distinguished from damage or injury to the general public. Moreover such special and peculiar damage or injury must be direct and not purely consequential, and must be different in kind, and not merely in degree, from that sustained by the community at large. When a party has an easement of passage over a public street along with the public, an injunction will not lie at the suit of the party to prevent the vacation of the street.

Appeal from a decree of the Circuit Court of Accomac county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*D. Frank White, Mapp & Mapp,* and *Herbert Barnes* for appellants.

*J. Harry Rew* and *George L. Doughty, Jr.,* for appellees.

CHRISTIAN, J., delivered the opinion of the court.

This is an appeal by appellants (plaintiffs in the trial court) from a final decree of the Circuit Court of Accomac county in a chancery suit praying for an injunction to perpetually restrain and enjoin the

defendants from closing or rather abondoning a certain alley in the town of Parksley. This final decree denied the relief prayed for in the plaintiffs' bill and dismissed the suit with costs. The facts out of which the controversy arose are not controverted and are briefly as follows:

The Parksley Land and Improvement Company platted the town of Parksley into lots, streets and alleys, and by deed dated March 27, 1886, conveyed a lot by reference to said plat to Mary L. Wilson, and recorded the plat with said deed in the clerk's office of Accomac county on December 8, 1886. The Improvement Company by deed dated March 27, 1886, conveyed to Samuel T. Jones all the twenty lots in the block bounded on the west by Patton avenue; north by Gertrude street; east by Brown avenue; and south by Callen street, as shown upon said plat. Through the center of said block, from Patton avenue, to Brown avenue, the plat showed an alley fifteen feet wide. This alley was the subject of the controversy. Godwin, by various mesne conveyances, became the owner of the entire block, and on May 19, 1916, conveyed to Payne lots 338 and 339 which face south on Callen street, and lots 358 and 359 facing north on Gertrude street. These lots, according to the plat, abutted upon this alley in their rear.

From March, 1886, the owners of these lots dealt with them as though the alley had been abandoned and after the conveyance to Payne of the four lots, Godwin cultivated his remaining sixteen lots without regard to the alley, and Payne fenced off the alley with a pound fence and chicken wire, which condition continued until this bill was filed. Godwin, in 1923, leased his sixteen lots to the Parksley Base Ball Association, Inc., for the purpose of enclosing the same and

using it as a baseball ground. Payne objected to this and claimed that the alley could not be altered or changed. Whereupon the council of the town of Parksley, acting by virtue of its new charter, granted by the General Assembly in 1916 (Acts 1916, page 624), and authority contained in section 7 as follows: "In addition to the powers conferred specifically upon said town, the council shall have power to lay off streets, walks or alleys, alter, improve and light the same, etc.," called a meeting of which Payne and others had notice to appear and make objection to a change or abandonment of the alley between the lots of Godwin and the substitution therefor of a fifteen foot alley extending north and south from Gertrude street to Callen street, and abutting upon the Payne lots through its entire length. No good cause was shown to the council why the alley should not be changed and it by ordinance vacated the existing alley between the Godwin lots, and established a north and south alley between his lots and those two adjacent lots of Payne.

The plaintiffs then presented their bill to which Godwin, the Base Ball Association, its officers, and the town of Parksley and its officers were parties to Judge Wescott for a preliminary injunction which was refused. Thereupon they applied to Judges Sims and Prentis of the Supreme Court of Appeals for a temporary injunction which was denied. The plaintiffs then filed their bill in the clerk's office of the Circuit Court of Accomac county. It was regularly matured and set for hearing. Depositions were taken by the plaintiffs and defendants, and upon the hearing the court entered the decree appealed from, dismissing the bill.

[1, 2] The Parksley Land and Improvement Com-

pany when it laid off its land into lots, streets and alleys, sold lots with reference thereto, and recorded the map or plat thereby conclusively and perpetually dedicated said streets and alley to the public. In *Sipe* v. *Alley*, 117 Va. page 822, 86 S. E. 123, Harrison, J., states the effect of such dedication as follows: "When lands are laid off into lots, streets and alleys and a map or plat thereof is made and recorded, all lots sold and conveyed by reference thereto, without reservation, carry with them as appurtenant thereto the right to the use of the easement in such streets and alleys *necessary* to the enjoyment and value of said lots. *Cook* v. *Totten*, 49 W. Va. 177, 38 S. E. 491, 87 Am. St. Rep. 792; *Edwards* v. *Moundsville Land Co.*, 56 W. Va. 43, 48 S. E. 754; *Taylor* v. *Commonwealth*, 29 Gratt. (70 Va.) 780."

[3] In order to correctly construe the decisions of the courts in cases of dedication, it is well to bear in mind the general principle from which the various rules of law on the subject have been deduced. *"At common law a definite and certain grantee is necessary to take lands by grant or conveyance, and hence a grant or conveyance to the general public could not take effect.* The law meets this difficulty by *the doctrine of dedication*, which recognizes the rights of the public thus acquired by estopping the dedicator from disputing them. The principle is founded in public convenience, and has been sanctioned by long experience. Indeed, without such a principle, it would be difficult, if not impracticable, for society to enjoy those advantages which belong to a state of advanced civilization, and which are essential to its accommodation. The importance of this doctrine may not always be appreciated, but we are in a great degree dependent on it for highways and streets, and for grounds appropriated as

places of amusements, or of public business, which are found in all our towns, and especially in populous cities." Dillon on Municipal Corporations (4th ed.) section 627; *New Orleans* v. *United States*, 10 Pet. 662, 712, 9 L. Ed. 573 (1836).

[4] At common law, established by a uniform line of decisions where streets, alleys and highways are dedicated to the public without reservation, the effect thereof is to vest in the State for the entire public an easement in the land dedicated, for purposes of passage and other rights to which such streets and alleys may be used as public thoroughfares. If the dedicator does not reserve or dispose of the fee in the street, it vests in the purchasers of the abutting lots to the street or alley subject to the public rights, with a vested right to ingress and egress, and light and air from the street and alley abutting their respective lots.

[5-7] It is claimed that this alley was not public, but this position is untenable. The general trend of authority in most jurisdictions is: "Where the term alley is used in a plat or statute concerning cities or towns, it will be taken to mean a public way, unless the word private is prefixed or the context requires that a different meaning be assigned to the term, and it has been held that, in laying out an addition when alleys are called for, it may be presumed that alleys run from one street to another. Whatever may be the dimensions of a way, if it be opened to the free use of the public it is a highway; nor is its character determined by the number of persons who actually use it for passage. The right of the public to use the way, and not the size of the way or the number of persons who choose to exercise that right, determines its character. An alley of small dimensions, actually

33

used by only a limited number of persons, but which the public have a general right to use, therefore, may be regarded as a public way. It is understood, of course, that the way cannot be deemed a public one so as to charge the local authorities with the duty of maintaining it, unless it has been legally established or accepted; but if it is so established or accepted, it is to be considered one of the public ways, whatever may be its size or situation, provided it is suitable for any kind of travel by the public." Elliott on Roads and Streets (3rd ed.) section 28. The alley over which this controversy arose, by the dedication, became a public way subject to be legally established or accepted. While dedication by map is held to be irrevocable by the dedicator or those claiming under him, still it is an inchoate right vested in the public, and the street or alley does not become a highway until established or accepted by competent authority. It is true that the legislature has plenary power to compel the municipality to accept a dedication of a public way, but it is a power carefully to be guarded, and the charters of municipalities will not be construed as imposing this duty unless required in the clearest terms. This record shows that the town of Parksley has never accepted this alley as a public highway, so that its dedication has never become complete. *Basic City* v. *Bell*, 114 Va. 157, 76 S. E. 336, Ann. Cas. 1914A, 1031; *Glasgow* v. *Mathews*, 106 Va. 14, 54 S. E. 991; *Washington-Va. Ry. Co.* v. *Fisher*, 121 Va. 229, 92 S. E. 809.

[8] We find then the legal status of the parties to this litigation to be as follows: The town of Parksley had the inchoate right to accept the easement over this alley for the benefit of the public generally and constitute it a public way, and the plaintiff as an

abutter owned the fee in the alley abutting his lots subject to the public easement, with the private right to ingress and egress into his lots therefrom, and the further right as one of the public to use the public easement over the alley between the lots of Godwin.

It should be borne in mind that in the cases of *Chambers* v. *Roanoke I. Ass'n*, 111 Va. 254, 68 S. E. 980, Pleasant avenue was dedicated and accepted, and the city of Roanoke had authorized the Industrial Association to divert the street from the purposes for which it was dedicated and accepted, and *Basic City* v. *Bell, supra,* Riverside Drive had been dedicated by plat and accepted by resolution of the council so that the maxim of the common law "once a highway always a highway" was applicable.

The legal rules set forth in the authorities and decisions upon the subjects of alteration, abandonment and vacation have reference to highways that have been dedicated and accepted. But the case of *Sipe* v. *Alley, supra,* was a bill for a mandatory injunction to compel the opening of a street that had never been accepted and upon which all the lots abutted, and it was shown that the street *was necessary to the enjoyment and value of said lots,* therefore an owner in the same block could not close the street, thus depriving another of his vested right therein. An examination of the *Sipe* v. *Alley Case* will show that it is not authority to warrant an injunction in the instant case as the alley over the lots of Godwin was not necessary to the enjoyment by the plaintiff of his lots, as it had never been used in connection therewith, and he had private rights in the streets bounding his lots on two sides and the fee in this alley between his lots.

[9, 10] Until the dedication has been accepted for the public, the dedicator or those claiming under him

may revoke or abandon the dedication by consent of the State or municipality, and such abandonment may be established in *pais* by long non-user and enjoyment of the same, without claim on the part of the municipality. *Glasgow* v. *Mathews, supra.* The alley has never been used by any one as a public way for thirty-eight years, and since the plaintiff purchased his four lots he has treated the same as abandoned and unessential to the enjoyment of his lots. If the alley had been accepted by the State or municipality, thus becoming a highway, it could be abandoned by the municipality, if such abandonment did not violate any vested right, and parties having vested rights therein could consent to its abandonment.

[11] In the last analysis, the purpose or effect of this bill is practically to compel the town of Parksley to accept the dedication of the alley and assume the burden of maintaining the same for his accommodation, which the courts cannot do, but the town council by the resolution which abandoned the public easement in the alley that the people might have a ball park, established an alley north and south along his property, thus giving him all that he could demand at law, and by which he has ingress and egress into his alley, thus causing him no damage whatever. *Basic City* v. *Bell, supra.*

[12] This is no longer an open question in Virginia since the decision of the case of *Bowe* v. *Scott*, 113 Va. 499, 75 S. E. 123. That case is exactly analogous in principle to the instant case, except the dedication of the alley had been accepted. That record disclosed as this one does that the plaintiff had no private interest in the portion of the alley sought to be closed, but only a right of passage in common with the public over that portion of the alley and ingress and egress

to his lot by another route. The council of the city
of Richmond by ordinance authorized abutters upon
part thereof to close the same. The Supreme Court of
Appeals, upon demurrer, held generally, the obstruction
of a public highway is a public nuisance and the trend
of authority is that an individual cannot maintain a
bill to enjoin such nuisance, unless he can show that
he has suffered or will suffer therefrom special and
peculiar damages or injury to himself, as distinguished
from damages or injury to the general public. More-
over, such special and peculiar damage or injury must
be direct and not purely consequential, and must be
different in kind, and not merely in degree, from that
sustained by the community at large. When a party
has an easement of passage over a public street along
with the public, an injunction will not lie at the suit
of the party to prevent the vacation of the street.
Dillon on Municipal Corporation (4th ed.) section
666.

The record in this case disclosed that the plaintiffs
had only the right of passage in common with the
public over this alley between Godwin's lots, and that
the same had never been established or accepted as
a public way by the town of Parksley, the court there-
fore did not have jurisdiction to enjoin its abandon-
ment and the decree will be affirmed.

*Decree affirmed.*