MERITT TAYLOR ET ALS. *vs.* LENORA COOKE ET ALS.

Third Judicial District, New Haven, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 22d—decided April 16th, 1931.

*William J. Kennedy,* for the appellants (plaintiffs).

*Charles H. Harriman* and *William A. Bree,* with whom, on the brief, was *William J. Carrig,* for the appellees (defendants).

AVERY, J. The amended complaint alleges the following facts: The plaintiffs are residents, taxpayers and owners of real estate for business purposes, summer residence rentals and home purposes at Short Beach in the town of Branford. On the beach front, there is a "walk" or path which traverses the entire length of the waterfront, known as the "Walk-along-the-Beach," which is a public way, having been dedicated and rededicated from time to time to the public use for more than fifty years by different property owners on the Short Beach waterfront, the dedication and rededication to public use giving the plaintiffs, their predecessors in interest and the plaintiffs' lessees the right to enjoy the use of the walk as a way of convenience, necessity and pleasure. The "Walk-along-the-Beach" has been and is a public way more especially between June 1st and October 1st in each year. The plaintiffs, their predecessors in interest and lessees, and the public in general have used and do use the walk as a public way of convenience, necessity and pleasure continuously; and have accepted and do accept and use the same as a public way since the walk was dedicated for public use. The walk traverses the entire length of the beach, passing in front of

premises owned by the defendants along the waterfront. The defendants have erected gates and fences in front of their several properties across the walk, and some of the defendants have threatened to close, and other defendants have closed, the gates in front of their respective properties, and thus have prevented the plaintiffs and the public in general from the enjoyment of the way. Repeated demands have been made of the defendants to remove the obstructions, but they have refused to do so.

The plaintiffs claim that as a result of the acts of the defendants, they will be peculiarly and specially damaged, in that with the right of the plaintiffs as owners of real properties at Short Beach and the right of the tenants of the plaintiffs as occupying real properties belonging to the plaintiffs to use the way prohibited by the defendants, a decrease will be caused by approximately one half in the demand for rentals and purchases of the plaintiffs' properties, and a like decrease in the rental value and sales value thereof will be caused. One of the plaintiffs (Verwholt) occupies his own property at Short Beach and conducts a general store business thereon, the business depending on the large increase of people at Short Beach in the summer time, and substantially on those occupying, at summer rentals, the properties of the plaintiffs. With the decrease in rentals caused by the defendants' acts, the plaintiff Verwholt will be still more especially and peculiarly damaged by reason of the loss in sales in his general store business, which will be substantially decreased.

The amended complaint was demurred to on the ground that the acts and threatened acts set forth constitute a public nuisance, which the plaintiffs, as private individuals, were bringing this action to enjoin;

and that it did not appear that the plaintiffs, or any of them, suffered any special or peculiar damages different from other members of the public similarly situated, or the public in general; and that the plaintiffs did not allege, nor did it appear in the amended complaint, that the acts of the defendants constituted a private nuisance to any of the plaintiffs. The demurrer was sustained by the court, and the plaintiffs, refusing to plead further, have appealed from the judgment entered for the defendants on the demurrer sustained.

It is not stated in the complaint, nor does it appear, that any of the plaintiffs' properties are contiguous to the way, or that access to plaintiffs' properties are either of necessity, or even by convenience, over it, or that any obstructions placed, or threatened to be placed thereon by the defendants were on a part of it abutting the properties of any of the plaintiffs, or that the obstructions or any of them interrupted or directly prevented the plaintiffs from doing business with persons residing on the way or elsewhere. The complaint thus states the case of an obstruction to a public way, constituting a public nuisance. In respect to a public nuisance of this character, it is very clear that a complaint asking injunctive relief will not be entertained unless it shows that the plaintiff will sustain a special or peculiar damage, an injury distinct in nature as distinguished from one differing in degree only from that done to the public at large; moreover, the violation of the complainant's rights must be such as is, or will be, attended with substantial or serious damage. *Bigelow* v. *Hartford Bridge Co.*, 14 Conn. 565, 578; *O'Brien* v. *Norwich & Worcester R. Co.*, 17 Conn. 372, 375; *Frink* v. *Lawrence*, 20 Conn. 117, 120; *Falls Village Water Power Co.* v. *Tibbetts*, 31 Conn. 165, 169;

*Wheeler* v. *Bedford,* 54 Conn. 244, 248, 7 Atl. 22; *Balf Co.* v. *Hartford Electric Light Co.,* 106 Conn. 315, 327, 138 Atl. 122. "There must not only be a violation of the plaintiff's rights, but such a violation as is, or will be, attended with actual or serious damage. Even although the injury may be such that an action at law would lie for damages, it does not follow that a court of equity would deem it proper to interpose, by the summary, peculiar and extraordinary remedy of injunction. 8 Simons, 194 [*Spencer* v. *London & B. Ry. Co.*]. It is obviously not fit that the power of that court should be invoked, in this form, for every theoretical or speculative violation of one's rights. Such an exercise of it would not only be wide from the object of investing those courts with that power, but would render them engines of oppression and vexation, and bring them into merited odium. It is a power which is extraordinary in its character, and to be exercised generally only in cases of necessity, or when other remedies may be inadequate, and even then with great discretion and carefulness." *Bigelow* v. *Hartford Bridge Co.,* 14 Conn. 565, 580.

In *Newton* v. *New York, N. H. & H. R. Co.,* 72 Conn. 420, 427, 44 Atl. 813, we pointed out that an abutting landowner has, by reason of that ownership, some privileges in the highway which are not given to the public generally; that an obstruction to that part of the highway may constitute a public nuisance as well as a private nuisance, for which the abutting landowner may maintain an action. *Burrows* v. *Pixley,* 1 Root, 362, 364, was an action at law to recover damages for building a dam across an inlet from the sea three quarters of a mile below plaintiff's property, and entirely cutting off access to the sea. *Frink* v. *Lawrence,* 20 Conn. 117, 120, was an application for an

injunction against obstructing the navigation of vessels to plaintiff's wharf. The defendant was about to drive a row of piles to the end of plaintiff's wharf, thereby entirely cutting off access from the side upon which the business of the wharf was principally done. In both of these cases, in addition, substantial damage was shown, in that profitable commerce carried on in connection with plaintiffs' properties was directly interrupted and thereby destroyed. On the other hand, in cases like *Seeley* v. *Bishop*, 19 Conn. 128, 135; *O'Brien* v. *Norwich & Worcester R. Co.*, 17 Conn. 372, 375; *Richards* v. *New York, N. H. & H. R. Co.*, 77 Conn. 501, 505, 60 Atl. 295; *Atwood* v. *Partree*, 56 Conn. 80, 82, 14 Atl. 85; *Balf Co.* v. *Hartford Electric Light Co.*, 106 Conn. 315, 326, 138 Atl. 122, relief was denied, either because the right of access was not destroyed, or because no sufficient special damage was shown. In *Wheeler* v. *Bedford*, 54 Conn. 244, 248, 7 Atl. 22, the plaintiffs were owners of property on a public square and we held that they were entitled to enjoin the erection of a building upon the square which would interfere with the view from their property and diminish its value because of the injury to the outlook therefrom. Such an injury was peculiar to the abutting property owners and did not affect property rights of other members of the public.

In *Micone* v. *Middletown*, 110 Conn. 664, 666, 149 Atl. 408, and *Kachele* v. *Bridgeport Hydraulic Co.*, 109 Conn. 151, 153, 145 Atl. 756, we had occasion to consider the right of a property holder to recover for injuries caused by the discontinuance of a highway by action of the public authorities, accruing to the owner of land adjoining a part of such highway other than that so discontinued; and we held that where access was cut off in one direction by the closing of a street

or highway between a lot and the next intersecting street or road, leaving the lot in a *cul-de-sac,* the lot owner was not entitled to compensation. Only in exceptional instances, such as *Park City Yacht Club* v. *Bridgeport,* 85 Conn. 366, 372, 82 Atl. 1035, where the changes made amounted to a practical discontinuance of a highway in front of plaintiff's premises, can recovery be had. The special damages claimed in *Kachele* v. *Bridgeport Hydraulic Co., supra,* were much more direct than those claimed in the case at bar. In that case, the town of Easton discontinued a part of the highway west of the plaintiff's property, thereby cutting off access therefrom to a system of highways on the west, making it necessary for the plaintiff to pass through two or more neighboring towns in order to reach Easton center, and causing a diversion of travel from his property and diminishing its value, and we held that the discontinuance or vacation of the highway affected the plaintiff's property no differently from other property on the highway, and that the damages suffered by the plaintiff while great, were not so special or peculiar as to give him a right of action. In disposing of a damage claim of similar character, Shaw, C. J., said, in *Smith* v. *Boston,* 61 Mass. (7 Cush.) 254, 255: "There is obviously a difficulty in laying down a general rule applicable to all cases. One limit however must be observed, which is, that the damage for which a recompense is sought, must be the direct and immediate consequence of the act complained of, and that remote and contingent damages are not recoverable. . . . The creation of a public nuisance, by placing an obstruction in a highway, can only be punished and suppressed by a public prosecution; and though a man, who lives near it, and has occasion to pass it daily, suffers a damage altogether

greater than one who lives at a distance, he can have no private action, because in its nature it is common and public."

In the instant case, no right appurtenant to any of the plaintiffs' properties as an abutter on any highway is affected; no easement of access is cut off; and it does not appear that any of the plaintiffs have ever suffered directly any damage or delay by reason of the alleged obstructions upon the walk, or that thereby their business with anyone has been interrupted, or that they have been directly prevented from doing business with anyone. The damages claimed to have been suffered by these plaintiffs are indirect and consequential, arising from a diminution of the popularity of Short Beach and the consequent loss of business and rental value of their properties. In this respect, they suffered no differently from any other property owner at Short Beach. Such damages are too remote and contingent to furnish the basis for an injunction at the suit of a private individual to abate a public nuisance. *Bigelow* v. *Hartford Bridge Co.*, 14 Conn. 565, 579; *New York, N. H. & H. R. Co.* v. *Piscataqua Navigation Co.*, 108 Fed. 92, 96; *Payne* v. *Godwin*, 147 Va. 1019, 133 S. E. 481, 484; *South Carolina Steamboat Co.* v. *South Carolina R. Co.*, 30 S. C. 539, 9 S. E. 650, 4 L. R. A. 209, 212; *Fulton Light, H. & P. Co.* v. *Oswego R. P. T. Co.*, 128 N. Y. Supp. 290, 292; *Zettel* v. *West Bend*, 79 Wis. 316, 48 N. W. 379, 380; *Southern Express Co.* v. *Long*, 202 Fed. 462, 468.

There is no error.

In this opinion HINMAN and BANKS, Js., concurred; MALTBIE, C. J., and HAINES, J., dissented.