Desmond, J. (dissenting).
Since the closing of a public street is a legislative function, this complaint states no cause of action. No citizen or taxpayer can require the courts to decide whether the legislative decision is prudent or in the public interest or whether the legislators’ motives are base or good. Intrusion of o.ur courts into this legislative domain is unprecedented, contrary to settled public policy and not protective of any private right.
Of course, plaintiff says that this closing was without warrant of law but his own pleading cites the statute (Administrative Code of City of New York, § E15-3.0) which delegates this legislative power to the City of New York (see Fearing v. Irwin, 55 N. Y. 486, 490). And although he says that this particular closing is not in the public interest, the Board of Estimate by *207 a nonreversible legislative finding has determined that it is “ in the public interest.” The power to determine such “ questions of necessity or expediency ” is “ political, not judicial, in its nature ” (Matter of City of New York [Ely Ave.], 217 N. Y. 45, 57). Exactly as in Kaskel v. Impellitteri (306 N. Y. 73, 80, cert. denied 347 U. S. 934), “ the situation here actually displayed is one of those as to which the Legislature has authorized the city officials, including elected officials, to make a determination, and the making thereof is simply an act of government, that is, an exercise of governmental power, legislative in fundamental character, which, whether wise or unwise, cannot be overhauled by the courts.” As we said in Kaskel (p. 79), “ since no corruption or fraud is charged * * * a taxpayer, cannot succeed in such a suit, unless there is a total lack of power in defendants, under the law, to do the acts complained of” (see 11 McQuillin, Municipal Corporations [3d ed.], p. 126). In Kaskel, the City Planning Commission had reported to the Board of Estimate and the board had found that the area involved was 1 ‘ substandard and insanitary ’ ’ (General Municipal Law, § 72-lc). In the present case the same Planning Commission officially informed the Board of Estimate that the part of Stanwix Street to be eliminated “ is not essential for frontage, traffic, or any other public purpose.” As we understand plaintiff’s argument and the majority opinion here, the position taken is that this closing could not be “in the public interest” since a report to the board by a City Engineer had recited that the “ purpose ” was to convey the bed of the closed street to respondent Liebmann, owner of the abutting land on both sides of the block, for Liebmann’s own use. Any trial of such an issue must of necessity violate the rule against judicial inquiry into the motives of legislators acting within their powers and must destroy the conclusive presumption that the motives were correct ones (see Waterloo Woolen Mfg. Co. v. Shanahan, 128 N. Y. 345, 359; Matter of City of New York [Ely Ave.], 217 N. Y. 45, 58, 59, supra). And, once the legislative determination of “ public interest” has been made, a transfer for adequate consideration of the bed of the vacated street to an abutting owner is normal and proper. We took judicial notice in Matter of City of New York (Gillen Place) (304 N. Y. 215, 221) that “ street closings *208 usually result in the ultimate appropriation of the land to private ownership ’
For more than 60 years (Matter of Mayor of City of New York [Deering], 28 App. Div. 143, affd. 157 N. Y. 409) it has been settled that on closing a street “ The city of New York, as owner of the land, may use it for corporate purposes, or, unless it is required for such use, it may sell or dispose of it in the same way as an individual owner might do ” (28 App. Div. 153). In Matter of Mayor of City of New York (Deering) (supra, p. 154), the Appellate Division quoted with approval from Meyer v. Village of Teutopolis (131 Ill. 552) as follows: “ ‘ Nor does it seem material that the vacation is made with the view or intention of vesting the adjoining proprietors with the ownership of the land embraced within the street. That merely goes to the motive by which the act of vacation is performed, and in that, as in all legislative acts, the motives by which the legislative body is actuated are immaterial and cannot be inquired into ’ ” (see, likewise, the leading case of MacDonald v. Board of Street Comrs., 268 Mass. 288). Yet we are here authorizing a trial to discover an intent which is not only undisputed but immaterial as well, since the fact that the vacation of a street is at the instance of an abutter, as it usually is, proves nothing at all (11 McQuillin, Municipal Corporations [3d ed.], pp. 133-134).
A notable decision which disposes of all plaintiff’s contentions is MacDonald v. Board of Street Comrs. (268 Mass. 288, supra). The simple, workable rule has always been in New York as elsewhere that legislative control of the opening and closing of streets is plenary unless there be a taking of private land or a denial of access to an abutter (Smith v. City of Boston, 61 Mass. 254; People v. Kerr, 27 N. Y. 188, 192; Egerer v. New York Cent. & Hudson Riv. R. R. Co., 130 N. Y. 108, 111; Van Aken v. State of New York, 261 N. Y. 360; Dwornik v. State of New York, 283 N. Y. 597; Coffey v. State of New York, 291 N. Y. 494). Mere inconvenience gives no right of action (Reis v. City of New York, 188 N. Y. 58, 67, 68). All of this is set forth with clarity and authority in Municipal Law by Rhyne (p. 439, §§ 18-30).
The much-stressed fact that this closing is of one block only of the street means nothing since the Administrative Code of *209 the City of New York (§ E15-3.0) authorizes the city to close streets “ in whole or in part ” and several of the leading cases cited herein (see Reis v. City of New York, supra), deal with such partial closings.
The order appealed from should be reversed, the motion granted, the certified question answered in the negative, and the complaint dismissed, with costs in this court and in the Appellate Division.
Chief Judge Conway and Judges Froessel, Van Voorhis and Burke concur in Per Curiam opinion; Judge Desmond dissents in an opinion in which Judges Dye and Fuld concur.
Order affirmed, etc.