MARGARET COOK FITZGERALD *vs.* TOWN OF GREENWICH.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 5th—decided May 10th, 1932.

*Raymond E. Hackett,* for the appellant (plaintiff).

*Wilbur S. Wright,* for the appellee (defendant).

PER CURIAM. In brief, the complaint alleged that the Merard Holding Company had been engaged in constructing a certain building across the street from the plaintiff's premises in violation of the building

regulations of the defendant town, that the plaintiff requested the proper authorities of the town to take steps to prevent that violation, but they refused and neglected to do so, that after the building was completed she brought an action against the company to restrain it from maintaining and using the building in violation of the regulations and in a way to constitute a nuisance, and that she secured an injunction preventing it from using the premises in any other manner than that permitted by the regulations. She now seeks in this action to recover from the defendant town the expenditures made by her for the services and disbursements of the attorneys she employed. Her action against the company came before us upon an appeal taken from a judgment entered after a demurrer to the complaint had been overruled. *Fitzgerald* v. *Merard Holding Co.*, 106 Conn. 475, 138 Atl. 483. We sustained the ruling of the trial court upon the ground that the plaintiff, upon the allegations of the complaint, had suffered serious injury to the property she owned by reason of the violation of the regulations and that it was such a special injury as entitled her to relief. The action was one to obtain redress for the plaintiff's private wrong; its necessary basis was the special and peculiar injury to her, distinct from that common to the public generally; and it was not one to enforce any duty owed by the company to the public at large or the defendant town. *Wheeler* v. *Bedford,* 54 Conn. 244, 249, 7 Atl. 22; *Balf Co.* v. *Hartford Electric Light Co.*, 106 Conn. 315, 327, 138 Atl. 122; *Cole* v. *Austin,* 107 Conn. 252, 268, 140 Atl. 108. Had the plaintiff, for instance, recovered damages for the injury to her property, they would have been her own and the defendant town would have no right to or interest in them. The action was brought in her own right and the expenditures incurred in prosecuting it were for

her own benefit. The facts alleged afford no basis upon which a liability on the part of the defendant town to reimburse her can be founded. The demurrer to the complaint was properly sustained.

There is no error.