[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This is an action brought by plaintiffs, Bernice Devonish and husband Jay Devonish, against the defendant, the City of Hartford, for personal injuries and loss of consortium, injuries allegedly sustained as the result of a defective street or sidewalk located in Hartford. CT Page 4102
Pursuant to Conn. Gen. Stats. 13a-149, the plaintiffs allege that plaintiff wife tripped, fell, and sustained injuries because of a defect located in the sidewalk, "six feet west of the southeast corner of the handicapped apron curb" at the intersection of Broad and Park Streets. The complaint is in three counts. The first count is brought under C.G.S.13a-149. The second count pleads a claim for nuisance. The third count pleads a claim for loss of consortium. By agreement of the parties, the defendant's motion to strike the second count was granted on March 4, 1991.
The complaint alleges that plaintiff Bernice Devonish notified defendant City by letter on July 17, 1989, of her intent to bring an action under C.G.S. 13a-149. A copy of the notice is appended to the original complaint.
Defendant has moved to strike Counts I and III of the complaint. Defendant's motion to strike Count I alleges that plaintiff's notice is patently inadequate to maintain an action under C.G.S. 13a-149. Defendant's motion to strike Count III alleges that a claim for loss of consortium is not a recognized action under C.G.S. 13a-149. As required by Conn. Practice Book 155, the defendant has filed a memorandum in support of the motion to strike, and the plaintiffs have timely filed a memorandum in opposition.
 II.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); see also Mingachos v. C.B.S., Inc., 196 Conn. 91, 108 (1985); Conn. Practice Book 152 (rev'd to 1978, as updated to Nov. 1, 1990). In testing the sufficiency of the pleading, "the court is limited to the facts alleged in the challenged pleading." King v. Board of Education, 195 Conn. 90, 93 (1885). The motion admits all facts well-pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "The allegations of the complaint are construed in a manner most favorable to the plaintiff." Verdon v. Transamerica Insurance Co., 187 Conn. 363,365 (1982). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Carroll, Conservatrix v. Burns, Commissioner,2 CSCR 533 (April 6, 1987, McDonald, J.).
III. CT Page 4103
A. Plaintiff's notice is not patently inadequate under C.G.S. 13a-149
The statute under which plaintiff has brought her claim is known as the defective highway statute. C.G.S. 13a-149, provides in pertinent part:
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation.
The giving of "good notice", sufficient to satisfy the statutory requirements is a condition precedent to an action against a city for injury from a defect in a public street. Marino v. East Haven, 120 Conn. 577, 578 (1935). Plaintiff has the burden of proof to establish that said notice is sufficient in order for the cause of action to accrue in the first instance. Nicholaus v. Bridgeport, 117 Conn. 398, 401-2
(1933). To be sufficient, the notice must be complete in itself without need for outside inquiries. Facts outside of the notice itself cannot be used to explain or complete the statutory requirements in an effort to make such notice sufficient. Nicholaus, 117 Conn. at 401.
The general purpose of the requirement of written notice is "that the officers of a municipal corporation against whom the claim IS made for damages for injuries shall be provided with such information as will enable them to intelligently investigate the facts upon which the claim is based." Marino,120 Conn. at 579.
Before submitting the question regarding adequacy of notice to the jury, the court must first determine whether, as a matter of law, the notice in question patently meets or fails to meet, the statutory requirements of C.G.S. 13a-149. Connecticut courts have repeatedly stated five essential elements of adequate notice. These requirements are: 1) written notice of injury within 90 days of said injury, CT Page 4104 2) a general description of said injury, 3) the defect or improper condition which caused said injury, 4) the time of said injury, 5) the place of said injury. Marino,120 Conn. at 577; Shine v. Powers, 37 Conn. Sup. 710, 711 (1981).
In the instant case, plaintiff's notice given to the clerk's office in the defendant City of Hartford is in full compliance with the five requirements as set forth above. The basis for defendant's motion to strike is that Count I of plaintiff's complaint is patently inadequate under the statutory requirements of C.G.S. 13a-149 because the description of the location of the defect in plaintiff's notice failed to enable the City to appropriately investigate the accident location.
It is found that the plaintiff's notice is not patently inadequate under C.G.S. 13a-149. First, written notice of plaintiff's prospective claim was given to defendant within 69 days of plaintiff's accident. Second, the letter included a general description of plaintiff's injury as being to her right elbow, right knee, right thigh, requiring her to retain orthopedic services. Third, plaintiff's notice states that a "change in grade causing one portion of the sidewalk to protrude" caused the alleged injury. Fourth, said injury occurred on May 9, 1989, at approximately 3:00 p. m. As to the fifth requirement and the one which defendant argues makes the notice inadequate, the notice recites that the defect exists on a portion of the sidewalk located "six feet west of the southeast corner of the handicapped apron curb. . . on the corner of Park and Broad Streets." Further, it is alleged that the injury occurred while plaintiff was walking "in a northerly direction on Broad Street after leaving Northeast Savings Bank, located at 617 Park Street."
Based on plaintiff's full compliance with the five statutory requirements of C.G.S. 13a-149 and set forth in the notice of her claim against defendant, it is held that the defendant's motion to strike is denied; plaintiff's notice is not patently inadequate under C.G.S. 13a-149.
Defendant's argument that the description of the location of the defect is inadequate is without merit. On its face, the notice provides a "general description" of the "place" of the defect. This notice is, therefore, facially adequate under the statute.
The adequacy of such notice is a question of fact for the jury. Defendant's argument requires the introduction of facts outside the pleadings, i.e., maps, photographs and other outside evidence, to provide a description of the location in CT Page 4105 question. On a motion to strike, the court is prohibited from considering any "extrinsic facts"; it is "limited to the facts alleged in the . . . complaint." Rowe v. Godou, 209 Conn. 273,278 (1988). If the court goes beyond plaintiff's notice to determine the location of the defect alleged, defendant's motion will constitute an improper "speaking" motion to strike.
Based on the foregoing, defendant's motion to strike the first count of the complaint is denied as the notice is not patently inadequate.
B. Claim for loss of consortium under C.G.S. 13a-149
is not a recognized cause of action.
C.G.S. 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
The plaintiff husband claims that his claim for loss of consortium is derivative of his wife's original negligence cause of action and such action occurred upon the filing of plaintiff wife's notice to defendant.
The defendant argues that plaintiff has no statutory right of action for loss of consortium because the loss allegedly suffered by husband of his wife's services, comfort and society caused by personal injuries suffered by her because of a defective highway, was not an injury to his "person or property" within the meaning of those words as used in C.G.S.13a-149.
There is a split in authority as to whether recovery is available for loss of consortium under the defective highway statute. However, it is concluded that the better reasoned approach is to deny recovery to plaintiff husband and a motion to strike should grant as to Count III of plaintiff's complaint.
Ralph v. City of Stamford, 3 CSCR 228, (Dec. 28, 1988, Fuller, J.), is factually on all fours with the instant case. In Ralph the court stated that plaintiff husband had no direct action for loss of consortium under 13a-149, and that a claim derived from injuries to a spouse go beyond the scope of the statute. The court held that loss of consortium is not an injury "in person or property" and is therefore not recoverable under the defective highway statute. Ralph, 3 CSCR at 228.
The rationale of the decisions denying recovery for loss of consortium in a 13a-149 cause of action is that liability CT Page 4106 of the defendant city is controlled by the scope of the statute. "The cause of action against the municipality for injuries from defective highways is a creation by statute abrogating the common law." Town of Wethersfield v. National Fire Insurance Co., 145 Conn. 368, 371 (1958). Where such a statute does not specifically authorize the recovery of loss of consortium, its provisions may not be expanded or enlarged by judicial construction. Lepone v. City of New Haven,1 CSCR 707. Section 13a-149 is designed "to protect travelers only, and the person claiming damages must be injured in connection with his use of the highway for travel." Ralph v. City of Stamford, 3 CSCR at 228. "The traveler upon the highway is the only person who can maintain an action for the recovery of the penalty provided by this statute, and he only, for an injury which is the direct result of a defect in the highway suffered by him . . ." Frechette v. New Haven, 194 Conn. 83, 88 (1926).
Connecticut courts have consistently barred recovery for loss of consortium damages in an action grounded in the defective highway statute. Walsh v. Paffido, 2 CSCR 1040
(September 17, 1987, Lewis, J.); Lounsbury v. Bridgeport,66 Conn. 360, 365 (1895); Chidsey v. Canton, 17 Conn. 475,479 (1846); Ralph v. City of Stamford, 3 CSCR 228.
Therefore, the motion to strike Count III for loss of consortium is granted.
STENGEL, J.