FREDERICK R. WHEELER AND WIFE *vs.* EDWARD T. BEDFORD.

Fairfield County, March T., 1886. PARK, C. J., CARPENTER, LOOMIS, GRANGER and BEARDSLEY, Js.

Where privileges of a public nature are also beneficial to private property, as in the case of land upon a public square, the enjoyment of them will be protected against encroachments by injunction.

And the owner of such private property is a proper party complainant in applying for such injunction. He is not a mere volunteer assuming to protect the rights of the public, but is seeking to protect his own private interests.

And it makes no difference that it is the statutory duty of the town authorities to remove nuisances and encroachments, and that he could apply to them.

That remedy is not the adequate remedy at law which excludes equitable jurisdiction.

Adequate remedy at law means a complete remedy to which the complainant may resort at will and which he can control.

[Argued March 17th—decided September 11th, 1886.]

SUIT for an injunction against an encroachment upon and inclosure of a part of a town common by the defendant, an adjoining proprietor, the plaintiffs also being adjoining owners; brought to the Court of Common Pleas of Fairfield County.

The defendant demurred to the complaint on the ground that it did not show any such special and private injury to the plaintiffs as distinct from the injury to the public as amounted to irreparable damage, and on the further ground that the plaintiffs had adequate remedy at law in the proceedings provided for by statute for the removal by the public authorities of encroachments and nuisances of the kind complained of. The court (*Hall, J.,*) sustained the demurrer and rendered judgment for the defendant. The plaintiffs appealed. The case is sufficiently stated in the opinion.

*H. S. Sanford* and *C. Thompson*, for the appellants.

1. The complaint sets forth that the common " is of great

and special value to the plaintiffs and their property in affording a wide and pleasant prospect and abundance of pure air," and that the encroachments will be "of special and irreparable injury to the plaintiffs and their said property, diminishing the market value of the property and depriving them of all the advantage of having a frontage on the public square." The advantages and value of such a location are obvious. The injury set forth is clearly a special injury, distinct from that which the public will suffer; and the injury is clearly one which the law regards as irreparable. *Frink* v. *Lawrence*, 20 Conn., 117; *Hawley* v. *Beardsley*, 47 id., 574; *Trowbridge* v. *True*, 52 id., 199; *Trenor* v. *Jackson*, 46 How. Pr., 389.

2. The authority of the selectmen to remove encroachments is given by Gen. Statutes, p. 253, sec. 2. The court says of this statute in *Tomlinson* v. *Leavenworth*, 2 Conn., 292, "The statute is not imperative. It merely provides that it shall be lawful for the selectmen to remove encroachments,—that they shall have the power to do it,—and this renders it optional with them to do it or not." The act of 1879 (Session Laws 1879, p. 445,) gives the county commissioners jurisdiction over encroachments on highways, but it is questionable whether it covers the case of public squares; and it is optional with them whether to order the encroachments removed, besides which there must be a complaint of six citizens approved by the State's Attorney. Under neither statute is the remedy what the law regards as "adequate and complete." *Boyce's Exrs.* v. *Grundy*, 3 Pet., 215; *City of Hartford* v. *Chipman*, 21 Conn., 488; *Town of Burlington* v. *Swarzman*, 52 id., 181. Such a remedy must be one that the plaintiff can, at his own pleasure, put in operation and control. Kerr on Injunctions, § 8; High on Injunctions, § 30.

*G. Stoddard* and *W. D. Bishop, Jr.*, for the appellee.

1. The injury stated in the complaint, that the building of the stone wall along the highway, taking in a part of the public green, would restrict the pleasant prospect from the

plaintiffs' house, and thus depreciate the market value of their property, is not such an injury as would justify the court in granting an injunction. It is not enough that the plaintiffs' rights are violated; there must be actual and serious damage. *Bigelow* v. *Hartford Bridge Co.*, 14 Conn., 579; *Whittlesey* v. *Hartford, Prov. & Fishkill R. R. Co.*, 23 id., 433; *Irwin* v. *Dixion*, 9 How., 27. And it is not enough that danger of irreparable injury is alleged; the court must see that there is real danger of such an injury. Hilliard on Injunctions, 25; *Branch Turnpike Co.* v. *Supervisors of Yuba County*, 13 Cal., 190; *Coe* v. *Winnepisiogee Manf. Co.*, 37 N. Hamp., 257. And the court say in *Attorney Gen.* v. *Nichol*, 16 Ves., 338, that diminution of value is not enough. And in *Squire* v. *Campbell*, 1 Mylne & Craig, 486, the Lord Chancellor says:—" It is not, as is said in one case, because the value of the property may be lessened, and it is not, as is said in another, because a pleasant prospect is shut out, that this court is to interfere. It must be an injury very different in its nature and origin to justify such an interference." The real injury is to the public, if there be any injury, and the plaintiffs cannot sustain their suit unless they show clearly a special and peculiar damage distinct from that suffered by the public at large. *O'Brien* v. *Norwich & Wor. R. R. Co.*, 17 Conn., 375; *Frink* v. *Lawrence*, 20 id., 120; *Clark* v. *Saybrook*, 21 id., 313, 327; *Gilbert* v. *Mickle*, 4 Sandf. Ch., 357; *Lexington & Ohio R. R. Co.* v. *Applegate*, 8 Dana, 299.

2. The plaintiffs have ample remedy in the statutory provision for the removal of encroachments from highways and parks by the public authorities. Gen. Statutes, p. 253, secs. 1, 2; Acts of 1879, p. 445. The former statute gives the power to the selectmen of the town, the latter in certain cases to the county commissioners. Either board has full power in the matter. " No relief will be granted by injunction where a statute has made provision for all the circumstances of a particular case." Hilliard on Injunctions, § 31. See also 2 Story Eq. Jur., §§ 923, 924 *a*, 925;

*Brown's Appeal*, 66 Penn. St., 155; *Wooden* v. *Wooden*, 2 Green's Ch., 429.

PARK, C. J. This case presents the question whether the owner of a dwelling house and the land on which it stands, fronting on a town common or public park, its situation upon which greatly enhances its value, can maintain injunction proceedings against his neighbor, who seeks to destroy the common by enclosing a large part of it for his own use.

Although in this case the intended appropriation is confined to a part only of the public ground, still the principles of equity that would restrain the attempted appropriation of the entire common would restrain the attempt to appropriate a substantial portion of it; for the injury to the plaintiffs in each case would be the same in kind, the difference being only in degree.

The complaint alleges that the "public green or town common is of great and special value to the plaintiffs and their property in affording a wide and pleasant prospect, an abundance of pure air, and a situation on a public square, and increasing the uses to which the land of the plaintiffs may be put." And again, it alleges that "said encroachments, if allowed to be completed and to remain, will be of special and irreparable injury to the plaintiffs and their said property, in that it will destroy the said public green, and be of great damage to their said land, diminishing its market value, and depriving the plaintiffs of all the advantages derived from having a frontage on the public square and green aforesaid."

The demurrer to these allegations requires us to assume them to be true, and to consider the case accordingly.

We have then a case where it appears that the common in front of the plaintiffs' land and dwelling house adds greatly to the beauty of the outlook from the house and to the value of the property, and the question is, have the plaintiffs the right to an injunction to prevent the destruction of this enhanced value of their property, and of the

enjoyment which the common affords to the inmates of their dwelling house?

We fully agree with the counsel for the defendant, that to entitle the plaintiffs to maintain this proceeding they must show that the contemplated acts of the defendant, if committed, will be of special damage to them,—a damage in which the public will not share.

Suppose the common in front of the plaintiffs' premises adds, for the reasons mentioned, one thousand dollars to their value. It follows that, if the common is destroyed, the plaintiffs will be injured to that extent in the diminished market value and diminished enjoyment of their property. But the public will not participate in that loss or be in any way affected by it.

The plaintiffs' right to maintain this suit is limited to the prevention of such loss as would be special and peculiar to themselves. Story, in his work on Equity Jurisprudence, § 927, in describing the cases where injunctions will be granted, among other things says :—" Where privileges of a public nature, and yet beneficial to private estates, are secured to the proprietors contiguous to public squares, or other places dedicated to public uses, the due enjoyment of them will be protected against encroachments by injunction." High on Injunctions, § 551, says:—" The right which it is sought to protect by injunction may result from a dedication of land to public uses, as well as from express grant or adverse possession. Thus where land has been dedicated to the use of the public as a public square, the owners of lots adjoining, who have purchased their lots and made improvements relying upon such dedication to public use, are entitled to the aid of equity to restrain the erection of private buildings on the square. Nor will the original proprietors who have dedicated land to be used as a public square, afterwards be allowed to appropriate it to their own private use. And an adjoining lot owner is a proper party complainant to a bill in equity to enjoin such appropriation. Such a complainant, being one of the inhabitants of the town, and holding property con-

tiguous to the square, is not a mere volunteer assuming to protect the rights of others, but is injured in his individual rights, and is entitled to the aid of equity to protect his own interests."

If this can be said of public squares recently dedicated to public use, how much more strongly can it be said of squares that have existed for many generations, like the present one.

See also *Brown* v. *Manning*, 6 Ohio, 298; *Hills* v. *Miller*, 3 Paige, 254; *Corning* v. *Lowerre*, 6 Johns. Ch., 439; *Trustees of Watertown* v. *Cowen*, 4 Paige, 510.

But the defendant's main defence against this proceeding is based upon the claim that the plaintiffs have adequate remedy at law, arising from the fact that ample provision for the removal of nuisances and encroachments from highways by the public authorities is made in the statutes of the state, and it is said that the plaintiffs can have redress by application to those authorities.

But suppose the authorities are unwilling to institute proceedings. Where then will be the ample remedy? They are not bound to redress the plaintiffs' private grievances. They act solely for the public, induced by public considerations, when they act at all.

"Adequate remedy at law" means a remedy vested in the complainant, to which he may, at all times, resort, at his own option, fully and freely, without let or hindrance. This has been held many times by the Superior Court.

We think the court below erred in adjudging the complaint to be insufficient.

There is error in the judgment appealed from and it is reversed.

In this opinion the other judges concurred.