Atwood *v.* Partree.

WALTER H. ATWOOD *vs.* FREDERICK J. PARTREE AND
OTHERS.

New Haven Co., June T., 1887.　PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

An application for a mandamus to compel the authorities of a town to re-
move a nuisance from a highway, cannot be sustained by a private
person unless he is specially injured.

An application was made for a mandamus to compel the selectmen of a
town to remove the fences and open an old road that had been aban-
doned for several years and was fenced in by the adjoining proprietors.
The plaintiff owned a farm adjoining the road and it furnished the
only way to his farm with teams.　No other person was so situated.
Held that the plaintiff could not be regarded as specially injured, his
right to use the way being only as one of the public and the injury to
him only as such.

The right which one exercises who travels on a highway is a public right,
and though the way may be much more necessary to one person than
to another yet the use of both is the same public use.

The court below found that the injury to the plaintiff was special.　Held
that, the court having found all the facts, the question whether on
those facts the plaintiff's injury was special was open to review as one
of law.

An application was made by the plaintiff to the selectmen to open and
repair the road, in the winter season, when the ground was frozen.
The selectmen found that it would be necessary to build a small bridge
on the road, besides doing other work, to make it passable and safe, and
on this account, and in view of the fact that the road had been practi-
cally abandoned for several years, decided to postpone the opening of
the road till spring.　Held that they were justified in so doing in the
exercise of a sound discretion.

The court below erroneously decided that the plaintiff had adequate remedy
at law in the provision by statute for the removal of nuisances and
encroachments by the public authorities on application.　Held no rea-
son for reversing the judgment when the court could see that the
judgment ought to have been the same way on other grounds.

The plaintiff would not have adequate remedy at law in the provision for
such an application to the public authorities, as they might refuse to
act; whereas the remedy at law, to be adequate, must be one that the
plaintiff can avail himself of at all times, at his own option without
hindrance.

[Argued June 15th—decided July 15th, 1887.]

APPLICATION for a mandamus to compel the defendants,

selectmen of the town of Watertown, to remove the fences and open an old highway; brought to the District Court of Waterbury, and heard before *Bradstreet, J.* Facts found and judgment rendered for the defendants, and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*W. Cothren,* for the appellant.

*G. E. Terry,* for the appellees.

PARK, C. J. An application for a mandamus cannot be sustained by a private person, in his own name, against public officers, for the abatement of a public nuisance, unless he is specially and peculiarly injured by the nuisance over and above and independent of the injury he receives as a member of the public. Public injuries must be redressed by public officers, but private injuries, occasioned by public nuisances, may be redressed if the parties are thus specially and peculiarly injured. *Wheeler* v. *Bedford,* 54 Conn., 244.

This action was brought to compel the selectmen of Watertown to remove the fences and open an old road a little northerly of the house of Joseph W. Atwood in that town, and running westerly to the town line. The old road had been practically abandoned for several years, and had been fenced in by the adjoining proprietor.

The case finds that the plaintiff was the owner and possessor of a certain farm adjoining the old road, which road "furnished the only possible way for the plaintiff to reach his farm with loaded wagons or carts, and for many purposes incident to the working of the farm." The finding is that "no other person was so situated; the plaintiff had a special interest in the use of the old highway, which was over and beyond that of all other persons, and separate and distinct from theirs, and that of the public at large; and the obstructions in the highway were a serious injury to the plaintiff's private rights."

But the injury here described cannot be called in any sense special or peculiar, or be said to differ at all in charac-

ter from that which every member of the public experienced who had occasion to travel this road. The right which every man exercises who travels the highway for highway purposes, is a public right. It is common to all; and although the business of one man may be far more urgent than that of another—his time may be far more valuable, and consequently far more injury may result to him from a delay on the road occasioned by obstructions to public travel, still the character of the injury would seem to be the same in both cases, differing only in degree. The plaintiff had the right to go to his farm by this road as often as occasion might require, and he had the right to remove whatever obstructions to public travel might be found in the way. Hence all the injury that the obstructions could occasion the plaintiff would be in some delay on the road and in the labor of removing them. But such injury would result to all who might travel the way. It would be common to all, and special to none.

But it is said that the court below has found that the injury to the plaintiff was special. The court has found all the facts, and if those facts show no special injury the ruling of the court can be reviewed in this respect.

But however this may be, we think it is clear that the selectmen had the right to exercise reasonable discretion as to the time when they would remove the obstructions and open the road. The condition of this road was brought to their attention in the winter season, when the ground was frozen. The case finds that they found upon examination that it would be necessary to build a sluice or small bridge upon the road, and do considerable other work to make it safe and passable; and that owing to the lateness of the season, and to the fact that the way had been practically abandoned by the public for several years, they decided to postpone the opening of the road till the following spring, when the frost would be out of the ground.

We think the selectmen exercised a wise, sound and reasonable discretion in the premises, and were justified in so doing.

But it is said that the court below decided the case in favor of the defendants on the ground that the plaintiff had adequate remedy at law. We think the court erred in placing its decision on that ground, but the error has done the plaintiff no harm, for the decision of the court should on other grounds have been in favor of the defendants. In the case of *Wheeler* v. *Bedford, supra,* this court said:—" But the defendant's main defense against this proceeding is based upon the claim that the plaintiffs have adequate remedy at law, arising from the fact that ample provision for the removal of nuisances and encroachments from highways by the public authorities is made in the statutes of the state, and it is said that the plaintiffs can have redress by application to those authorities. But suppose the authorities are unwilling to institute proceedings. Where then will be the ample remedy? They are not bound to redress the plaintiff's private grievances. They act solely for the public, induced by public considerations, when they act at all. Adequate remedy at law means a remedy vested in the complainant, to which he may at all times resort, at his own option, fully and freely, without let or hindrance."

There is no error in the judgment complained of.

In this opinion the other judges concurred.