FRANK T. LANE *vs.* SMITH BROTHERS, INCORPORATED, ET AL.

Third Judicial District, New Haven, June Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and RORABACK, Js.

Littoral proprietors on a convex shore, having appurtenant rights of wharfage, may ordinarily extend their wharves within lines which run at right angles to the general contour of the shore.
If such a proprietor is in any case entitled to overstep such lines, he must exercise his right with due regard to the corresponding rights of other shore owners.
In the present case the parties owned wharves which were separated by a slip or public landing-place at the foot of a city street, and the plaintiff, who had overstepped the lines above indicated, sought to enjoin the defendant from extending its wharf at right angles to the general contour of the shore at that point, upon the ground that an extension in the threatened direction would trench upon the plaintiff's field and would also curtail or cut off altogether the public right of access to the slip or common

landing-place, in case the plaintiff should fully exercise his right of extension. *Held* that inasmuch as the injury feared by the plaintiff was attributable to the improper location of his own wharf and not to the acts of the defendant, he did not come into court with clean hands and could not prevail, either in the public interest or to protect his own supposed rights of wharfage.

A private individual can maintain an action to enjoin the invasion of a public right, only to prevent some special damage, peculiar to himself.

The direction in which a city street or public landing-place may be extended below high-water mark, and the lateral limits of such extension, are prima facie determined by a consideration of the corresponding rights of the adjoining landowners.

A reference in a deed to an extension of a street as one of the boundaries of land below high-water, does not necessarily import that the line of the street as it runs above high-water is to be projected seaward in the same direction. On the contrary, if the contour of the shore is such as to require an exercise of the rights of reclamation and wharfage in a different direction, an extension in that direction will be assumed to have been the one referred to in the deed.

Whether the lateral limits of the plaintiff's right of wharfage would have been affected differently, had the harbor line and channel been otherwise than parallel to his high-water frontage, *quære.*

Argued June 11th—decided July 30th, 1907.

ACTION for an injunction and damages, brought to the Superior Court in New Haven County, where a demurrer to the complaint was overruled, and, after a hearing on issues of fact, judgment was rendered (*Thayer, J.*) for the defendant. *No error.*

*John K. Beach*, for the appellant (plaintiff).

*William H. Ely* and *Howard C. Webb*, for the appellee (defendant Smith Brothers, Incorporated).

*Leonard M. Daggett*, for the appellee (defendant City of New Haven).

BALDWIN, C. J. For more than seventy years there has been a highway in the city of New Haven known as Howard Avenue, a hundred feet wide, running southerly to the harbor. The plaintiff owns land bounded westerly

on this avenue and southerly on the harbor. The defendant owns land, lying opposite, bounded easterly on the avenue and southerly on the harbor. A highway known as South Water Street was laid out and constructed by the city in 1885 along the edge of the harbor, across and on each side of Howard Avenue, and mainly upon what had been the beach. The north curb line of this street is at all points approximately coincident with what before was the line of mean high-water mark, and substantially parallel to what before had been the line of extreme high-water mark. This north curb line and the general course of the street are not at right angles to Howard Avenue; but on the easterly side of the avenue run north of a right angle, and on the westerly side south of a right angle, as shown in the following diagram : —

The respective predecessors in title of the plaintiff and defendant each commenced to wharf out into the harbor more than sixty years ago. The westerly line of the wharf of the plaintiff's predecessor was substantially in the easterly line of Howard Avenue extended in its own direction, and its easterly line was substantially at right angles to

the trend of the shore west of Howard Avenue, or the present north curb line of South Water Street.

In 1905 the board of harbor commissioners, having authority from the General Assembly to establish harbor and wharf lines in New Haven harbor, gave the defendant a permit to extend its wharf so that its easterly line should run, from the intersection of the westerly street line of Howard Avenue with the northerly street line of South Water Street, at right angles with said street line westerly of Howard Avenue. For damages for work done under this permit, and for an injunction against its further prosecution, this suit is brought. The plaintiff sues as a citizen of New Haven, a taxpayer, a littoral proprietor, and the owner of a wharf abutting on an open space between the lines of Howard Avenue extended in their own direction into the harbor, which for more than forty years he and his predecessors in title have used as an anchorage for boats and for access by boats to this wharf for business purposes, and which for the same length of time has been a public landing-place. The space between the wharves of the parties at the foot of Howard Avenue the Superior Court finds to have been for more than forty years a public landing-place and slip.

Littoral proprietors on a convex shore, having appurtenent rights of wharfage, may generally, in constructing wharves, extend them to lines on either side which are at right angles to the general contour of the shore. *Morris* v. *Beardsley*, 54 Conn. 338, 341, 8 Atl. 139; *Lowndes* v. *Wicks*, 69 Conn. 15, 30, 36 Atl. 1072. Under this rule, and by virtue of the permit of the board of harbor commissioners, the defendant had a right to extend its wharf on the east to a line running at right angles to the north curb line of South Water Street, according to the course of that curb line west of Howard Avenue. The plaintiff as a littoral proprietor had, prima facie, a corresponding right to construct and maintain a wharf the easterly and westerly sides of which should be in lines at right angles to the north curb line of South Water Street according to the

course of that curb line east of Howard Avenue. He and his predecessors have, in fact, constructed one which, having such an easterly boundary, has a westerly boundary extending westerly beyond a line at right angles with South Water Street, and so far beyond, that if it were extended in the same line to the channel, and the easterly boundary of the defendant's wharf were also extended seaward in the same line, the two wharves would eventually meet and thus the entrance to the public slip would be closed.

There is no occasion to inquire whether under some circumstances a littoral proprietor on a convex shore may, in wharfing out, extend the sides of his wharf, at any point, beyond lines at right angles to the general contour of the shore. It is clear that such a right, if it exists, must be exercised with due regard to corresponding rights of other littoral proprietors.

It is found by the Superior Court that the parties and their predecessors in title have acquiesced in the long-continued use of the slip by the public, and in the occupancy by each party of his wharf as originally constructed.

It is not necessary for the disposition of the present case to pass upon anything more than the plaintiff's claim for relief on the facts as they now exist. These show that so far as the legal rights of the parties are concerned, the defendant has done no damage to the plaintiff; and also that there is no equity in the plaintiff's case. He does not come into court with clean hands. If he, and his predecessors in title, had so wharfed out that the westerly boundary of the structure had been parallel to its easterly boundary, there would have been no interference with the full enjoyment of the public slip by reason of the extension of the defendant's wharf which is the subject of complaint. But the plaintiff's wharf extends westerly so far beyond a line at right angles to South Water Street, as to narrow the natural width of the slip, and in view of the rights of the public and of the defendant, he could not extend it seaward upon the same line for its westerly boundary without exceeding the privileges incident to his littoral title.

If in an action by a private individual for equitable relief on account of the invasion of a public right, he obtains what he demands, it is always because he has suffered some special damage, in which the public will not share. *Frink* v. *Lawrence*, 20 Conn. 117, 120. He can have no right to an injunction save for the prevention of such a loss as would be special and peculiar to himself. *Wheeler* v. *Bedford*, 54 Conn. 244, 248, 7 Atl. 22. So far, therefore, as the plaintiff assumes to be a representative of the public interest, the objection is equally fatal that he has brought the injury of which he complains upon himself.

Whether the city of New Haven or the State would have occupied a better position with respect to the equitable relief claimed, it is unnecessary to inquire. The State is not a party. The city was added as a defendant, but filed no counterclaim.

It is argued that the rights of the parties have been fixed by certain deeds from their predecessors in title, bounding the lands conveyed below high-water mark on Howard Avenue. One of these deeds, given by the town of New Haven in 1888 to the predecessor in title of the plaintiff, bounds the premises "northerly by South Water Street, westerly by Howard Avenue, and southerly by New Haven Harbor or West River." Without adverting to other considerations, it is sufficient to say with regard to this point, that none of these deeds refer to Howard Avenue as running below South Water Street in the same direction as that which it follows above it. Prima facie as has been above stated, the easterly boundary to which the owners of the lands below high-water mark south of that part of South Water Street which lies westerly of Howard Avenue would be entitled to wharf out, is a line drawn from the southwest corner of Howard Avenue and South Water Street, substantially at right angles with the general course of such part of South Water Street; and the westerly boundary to which the owners of the lands below high-water mark south of that part of South Water Street which lies easterly of Howard Avenue would be

entitled to wharf out, is a line drawn from the southeast corner of Howard Avenue and South Water Street, substantially at right angles with the general course of such part of South Water Street. It follows that the public right to a landing-place or slip at the foot of Howard Avenue, or to construct an extension of that avenue, would extend over all the lands below high-water mark, between the wharf lines, as above described, of the proprietors of the lands below high-water mark on either side. This would entitle the public prima facie to the use of a tract of land under water, not less than one hundred feet wide at South Water Street. Words in conveyances referring to an extension of Howard Avenue below South Water Street would not, therefore, naturally be understood to import an extension of the same width and in the same direction, which belong to it north of South Water Street.

In 1893 a harbor line, in front of South Water Street and several hundred feet beyond it, was duly established. See *Lane* v. *Harbor Commissioners*, 70 Conn. 685, 40 Atl. 1058. This runs from the east, parallel to the street, until it intersects the west line of Howard Avenue extended in its own direction, when it turns and runs westerly, perpendicularly to that line. In 1906 a new channel was completed by the United States, the north bank of which follows these harbor lines. There is nothing in these facts to strengthen the plaintiff's case. We need not consider what would have been his rights as a littoral proprietor had the harbor line and channel not been parallel to South Water Street easterly of Howard Avenue. Being parallel, the lateral limits of his wharfage rights cannot be affected by them.

The judgment of the Superior Court was correct, and as no new trial is ordered, it is unnecessary to pass upon the bill of exceptions filed by the defendant.

There is no error.

In this opinion the other judges concurred.