STATE EX REL. MAX HEIMOV v. CARLYLE C. THOMSON, TOWN CLERK.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and DALY, Js.

Argued January 6—decided May 5, 1944.

*Simon J. Beizer*, for the appellant (plaintiff).

*Walfrid G. Lundborg*, for the appellee (defendant).

DALY, J.  On June 30, 1933, the state liquor control commission issued a restaurant permit to the plaintiff

Max Heimov for the sale of beer and wine for consumption on the premises known as 980 Farmington Avenue, West Hartford. On May 10, 1933, the commission had issued a similar permit for the premises known as 967 Farmington Avenue. On these dates there were no zoning regulations in effect in West Hartford which regulated or restricted the sale of alcoholic liquors within the town.

Amendments to the statutes effective July 1, 1935, provided for restaurant permits for the sale of beer only and restaurant permits for the sale of all alcoholic liquors. On July 23, 1935, the commission issued a restaurant permit for the consumption of all kinds of liquor on the premises known as 966A Farmington Avenue. On August 29, 1935, it issued a restaurant permit for the sale of beer only on the premises known as 980 Farmington Avenue. These permits have been renewed each year.

On August 6, 1935, zoning regulations were enacted in the town of West Hartford providing, in § 25, that "In a business or industrial district, no building or premises shall be used . . . for the sale of alcoholic beverages to be consumed on the premises, if any part of such premises is situated . . . within fifteen hundred feet as measured along the center line of such street or adjacent street, of any lot or plot having a frontage on such street or adjacent street and used for the purpose of a place selling alcoholic beverages to be consumed on the premises." There is a provision to the effect that the regulation shall not be retroactive. The premises known as 980 Farmington Avenue and the premises known as 966A Farmington Avenue are on the same side of the street, about three hundred and fifty feet apart, and have been in a business district under the zoning regulations since they were enacted. Since May 17, 1943, the defendant has been

town clerk of the town of West Hartford. As part of his duties he is required to certify as to the laws and ordinances of the town. The liquor control commission before issuing a permit for premises in a town requires that the town clerk certify that the zoning ordinances or by-laws of the town do not prohibit the sale of alcoholic liquor at the location in question. On May 17, 1943, the plaintiff presented to the defendant for certification an application for a restaurant permit for the sale of all alcoholic liquors at 980 Farmington Avenue. The defendant refused to make the certification, and this action was brought to compel him to do so.

The trial court concluded that the sale of all alcoholic liquors under a restaurant permit therefor would be an extension of the existing nonconforming use of the premises at 980 Farmington Avenue and would violate the zoning ordinances of the town. If it be assumed that the zoning regulations contain provisions relating to nonconforming uses and extension thereof, such provisions were not brought in issue in these proceedings; neither the trial court nor this court could take judicial notice of them; *Appeal of Phillips*, 113 Conn. 40, 44, 154 Atl. 238; and only the provision of § 25, quoted above, was invoked. The question of an extension of a nonconforming use was not involved. The judgment cannot be sustained on this ground.

Use of the premises for the sale of beer only as well as use for the sale of all alcoholic liquors to be consumed on the premises constitutes use "for the purpose of a place selling alcoholic beverages to be consumed on the premises." If in enacting § 25 of the zoning regulations there was a purpose to make a distinction between the use of premises where the only alcoholic beverage permitted to be sold and consumed on the premises is beer and the use of premises where all

alcoholic beverages are permitted to be so sold and consumed, it is to be assumed that appropriate language would have been used. Even if such a distinction would be desirable there is no justification for reading it into the zoning regulation. "To engraft such an exception upon the statute by judicial construction is inadmissible. We must construe and apply the statute as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions." *Granniss* v. *Weber,* 107 Conn. 622, 629, 141 Atl. 877.

The court also concluded that in refusing to certify the premises the defendant was exercising a judgment not subject to control by mandamus. Mandamus will not issue to control the exercise of a discretion which is vested in a public officer or board. *In the Matter of Gilhuly's Petition,* 124 Conn. 271, 277, 199 Atl. 436. Where an officer or administrative board is vested with the quasi-judicial function of determining a certain matter and it acts in an honest and fair exercise of its judgment, that it proceeds upon the basis of a conclusion erroneous as a matter of law will not justify a court in issuing a mandamus to compel it to take different action. *American Casualty Ins. Co.* v. *Fyler,* 60 Conn. 448, 461, 22 Atl. 494; *State ex rel. Foote* v. *Bartholomew,* 108 Conn. 246, 249, 142 Atl. 800; *State ex rel. Harrison* v. *Wilson,* 116 Conn. 36, 43, 163 Atl. 465; see *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 613, 132 Atl. 30. But where the statutes impose a duty upon an officer to perform an act, and the question whether the person for whose benefit the action is directed has a right to its performance is purely a matter of law, doubt entertained by the officer as to that right does not prevent the issuance of the writ. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. supra, 617; *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 543,

12 Atl. (2d) 767. If the law directs an official to perform an act in regard to which no discretion is committed to him, and which upon the facts existing he is bound to perform, then that act is ministerial, although depending upon a statute which requires in some degree a construction of its language by the officer. The fact that a judicial interpretation may be necessary to enunciate the duty more specifically will not of itself preclude coercion of the duty by a writ of mandamus. *Fooshee* v. *Martin,* 184 Okla. 554, 557, 88 Pac. (2d) 900; 18 R.C.L. 117; 38 C.J. 586; *Roberts* v. *United States,* 176 U.S. 221, 231, 20 Sup. Ct. 376; *Work* v. *United States,* 262 U.S. 200, 208, 43 Sup. Ct. 580. In this case no such discretion is vested in the defendant with reference to issuing the certificate as precludes the issuance of a mandamus to compel him to do so.

The court further concluded that the plaintiff had other adequate remedy. "Adequate remedy at law means a remedy vested in the complainant, to which he may at all times resort, at his own option, fully and freely, without let or hindrance." *Chatfield* v. *Reeves,* 87 Conn. 63, 66, 86 Atl. 750; *Atwood* v. *Partree,* 56 Conn. 80, 83, 14 Atl. 85; *Wheeler* v. *Bedford,* 54 Conn. 244, 249, 7 Atl. 22. "Any other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific, that is, it must be adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved." *State ex rel. Foote* v. *Bartholomew,* 103 Conn. supra, 618; see also *Levitt* v. *Attorney-General,* 111 Conn. 634, 645, 151 Atl. 171. A remedy to be adequate must be one "which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance." *State* v. *Erickson,*

104 Conn. 542, 549, 133 Atl. 683. The alternative remedies suggested by the defendant—an action for a declaratory judgment and an application to the zoning board of appeals and an appeal from that board to the courts, if such a course is permissible under the zoning regulations—necessarily involve circuity of action and delay, and fall short of affording the plaintiff a means of effectively, conveniently and directly enforcing the performance of the particular duty owing to him.

The assignments of error are, in substance, that the facts found do not support the conclusions of the trial court. They are well taken. The plaintiff is entitled as a matter of law to the relief sought.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiff.

In this opinion the other judges concurred.