[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants, Helen Bray, Kenneth Grant and William Piel, who are respectively the Zoning Enforcement Officer, First Selectman and Chairman of the Planning and Zoning Commission of the Town of Sherman, have filed a motion to strike the fifteenth, sixteenth and seventeenth counts of the plaintiffs' second revised complaint dated December 9, 1992.
A motion to strike admits all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings, and if the facts provable under the allegations support a cause of action the motion to strike must be denied. Mingachos v. CBS, Inc., 196 Conn. 91,108, 109. However, a motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215. The complaint also cannot be aided by the assumption of any facts not specifically alleged in it. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348.
The fifteenth, sixteenth and seventeenth counts attempt to allege causes of action by two property owners on Mountain Road in Sherman. These counts are only against the CT Page 2080 defendants, Bray, Grant and Piel, as municipal officials. While the Town of Sherman is also a defendant in this action, these counts are not addressed to the town or any other municipal officials. This court previously granted a motion to strike the fifteenth count of the prior amended complaint on August 25, 1992. Maier v. Tracy, 7 CSCR 1053,7 Conn. L. Rptr. 292. The plaintiffs' response was to make cosmetic changes in the fifteenth count and add the sixteenth and seventeenth counts. They have also added additional prayers for relief. These embellishments do not change the fact that the underlying claim against the three municipal officials is that they have failed to enforce the Sherman Zoning Regulations and did not insist that the defendants, Lawrence Tracy and Ada Tracy, obtain a valid excavation permit under the zoning regulations prior to carrying out earth removal activities on Mountain Road. The complaint alleges that the excavation activities of the Tracys wrongfully obstructed easements of the plaintiffs over Mountain Road, which is presumably a public highway although not alleged as such in the complaint. The revised complaint alleges that the municipal defendants were informed about the excavation activities which the plaintiffs claim are illegal, and that they allowed these activities to continue, resulting in severe erosion and water damage on the plaintiffs' properties and causing destruction to Mountain Road, preventing the plaintiffs from using it. The expanded prayers for relief request (1) an order for the three officials to enforce the zoning regulations to require the Tracys to restore the road to its prior condition, and to collect fines and penalties from them; (2) an order directing the Town of Sherman, its employees, officers and agents to restore Mountain Road to its condition prior to 1989; (3) an order directing the Town of Sherman, its employees, officers and agents to restore the property of the plaintiffs to its condition prior to 1989; and (4) monetary damages.
The plaintiffs do not identify in the fifteenth count of the complaint what legal theory is supported by this conglomeration of facts amounting to nonaction by the Zoning Enforcement Officer, First Selectman and Planning and Zoning Commission Chairman, nor do they allege the basis for the damages and requested orders in the prayer for relief. In the brief in opposition to the motion to strike, they claim the facts support a cause of action for negligence in authorizing, allowing and permitting the Tracys to do CT Page 2081 excavation work on Mountain Road, so the court will review the fifteenth count only as a negligence claim even though negligence is not specifically alleged in that count. The plaintiffs do not make any claim that the municipal officials violated any statute. Where a claim is based upon a statute, it must be identified and pleaded in the complaint. Section 109A Connecticut Practice Book.
Since the alleged negligent acts are not materially different from the prior complaint, extensive discussion of the doctrine of municipal immunity from negligence is not required since it is adequately discussed in the prior decision to which the parties are referred. Whether or not governmental immunity exists for conduct of a municipality, its officers and officials is a question of law which can be decided on a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. Maintenance of public highways, zoning enforcement and issuance of permits are all clearly governmental functions. A municipality and its officials are immune from liability when performing discretionary, governmental functions. The facts of this case do not come within the identifiable person/imminent harm exception to governmental immunity discussed in such cases as Shore v. Stonington, 187 Conn. 147, 154; Evon v. Andrews,211 Conn. 501, 508; and Gordon v. Bridgeport Housing Authority, supra, 183. The plaintiffs have identified no cases which show that this exception applies to erosion of land adjacent to a public highway when municipal officials acquiesce in illegal excavation activities on the highway by persons who are not municipal employees. Common sense shows that the plaintiff landowners are neither readily identifiable victims nor subject to imminent harm personally, even if the excavation activities caused damage to their property adjacent to the highway. The allegations of the fifteenth count do not bring it within any of the exceptions to the general rule of immunity of municipal employees from negligence claims when performing governmental functions.
The law of municipal immunity has been codified in section 52-557n of the General Statutes. The statute provides in part that municipal officers are not liable for damages to person or property resulting from "the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when CT Page 2082 such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety. . . ." Section 52-557n(b)(7) of the General Statutes. Accordingly, each of the three officials, even if they had authority to issue or revoke permits or take the actions requested by the plaintiffs, are not liable for damage to the plaintiffs' property because their conduct is protected under this provision.
The sixteenth count of the complaint contains similar allegations to the fifteenth count, but states that the zoning violations and illegal activities condoned by the town officials which damaged the plaintiffs' properties constitute the creation or participation in the creation of a nuisance. A municipality is liable in nuisance only if the condition constituting a nuisance was created by the positive act of the municipality. Wright v. Brown, 167 Conn. 464, 470; Kostyal v. Cass, 163 Conn. 92, 98. Failure to remedy a dangerous condition not of the municipality's own making is not the equivalent of the required positive act. Brennan v. West Haven, 151 Conn. 689, 693; Wright v. Brown, supra, 470. There is no claim that the Tracys were municipal employees. If the condition complained of was a nuisance, the nuisance was neither created nor maintained by the municipality or its officials. In addition, section 52-557n provides that there is no cause of action against a municipality on a theory of nuisance for damages resulting from injury to any property by means of a defective road, except pursuant to section13a-149. Section 52-557n(a)(1)(C) of the General Statutes. The Supreme Court has concluded that section 52-557n bars any claims against a municipality or its officials for nuisance resulting from activities in a public highway, and section13a-149 is the exclusive remedy for such claims. Sanzone v. Board of Police Commissioners, 219 Conn. 179, 190-192; Cook v. Turner, 219 Conn. 641. The Sanzone case also indicates that negligence claims cannot be brought as a substitute for the defective highway statute, section 13a-149, where that statute applies.
The seventeenth count incorporates most of the allegations of the two prior counts and adds paragraph 16, stating that the actions and omissions of the municipal defendants constitutes a reckless disregard for health or safety in violation of section 52-557n(b)(7) of the General CT Page 2083 Statutes. However, no additional facts are alleged which amount to reckless disregard for the health and safety of the plaintiffs. The statute amounts to a codification of one of the three exceptions to the rule of qualified immunity of municipal officials when performing governmental functions. Municipal officials may be liable where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Evon v. Andrews, supra, 505. Reckless or wanton misconduct requires a conscious choice of a course of action either with the knowledge of the serious danger to others involved in it, or knowledge of facts which would disclose the danger to any reasonable person, and the actor must recognize that the conduct involves a risk substantially greater than negligence. Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45-46. Reckless misconduct is conduct which indicates a reckless disregard of the just rights or safety of others or the consequences of the action and has been defined as intentional conduct designed to injure for which there is no just cause or excuse. Dubay v. Irish,207 Conn. 518, 532-33. The action producing the injury and the resulting injury itself must be intentional, and it must amount to highly unreasonable conduct involving an extreme departure from ordinary care in a situation where a high degree of danger is apparent. Id., 533. The allegation in the complaint that the defendants' actions amounted to reckless disregard for health and safety is a legal conclusion which must be disregarded on a motion to strike. Since the seventeenth count fails to state facts which arguably amount to such conduct, it does not state a cause of action.
The request for relief in the fifteenth, sixteenth and seventeenth counts do not save them from a motion to strike. The Zoning Enforcement Officer and Planning and Zoning Commission Chairman do not have the legal obligation to restore a public highway. A municipality has discretion in maintaining, repairing and restoring public roads. See Rudnyai v. Harwinton, 79 Conn. 91; Atwood v. Partree,56 Conn. 80, 82. The complaint does not allege proper procedures or a factual situation compelling the town to repair the highway. Moreover, the highway maintenance function is not in the hands of the First Selectman without approval of other boards or agencies. While the town is a party to this action, the fifteenth, sixteenth and seventeenth counts are not directed to it. The plaintiffs CT Page 2084 have also failed to allege any authority for this court to order the Zoning Enforcement Officer under the facts of this complaint to enforce the zoning regulations and correct the alleged zoning violations by the defendants, Tracy.
The motion to strike is granted.
Robert A. Fuller, Judge